## PALMER v. BLAIR, Admr.

Homestead: EXCHANGE OF FOR LAND: PARTIES. Where a husband exchanges the homestead for land, and deeds are executed accordingly; after which he cuts some logs on the land for the purpose of building a house thereon, but dies before constructing the same, a conveyance of the land to the wife, in order that she may sell it, and, with the proceeds thereof, purchase a homestead for herself and family, will not be decreed in an equitable proceeding therefor, against the administrator of her husband, and in which his legal representatives are not joined.

*Appeal from Fremont District Court.*

TUESDAY, JUNE 30.

SUIT in equity. Petition dismissed for want of equity. Plaintiff appeals.

*L. Lingenfelter* for the appellant.

No appearance for the appellee.

COLE, J. — The plaintiff avers that she is the widow of John R. Palmer, deceased; that the defendant is the administrator of his estate; that the deceased left one child about one year of age as his only heir; that a short time before his decease he exchanged a certain house and lots in Sidney, which they had occupied as a homestead several months, for twenty acres of land in that county, and deeds had been executed accordingly; that her husband cut some logs on the land for building a house, but was taken sick and died before the house was constructed; that it was not suitable for her to occupy as a home, nor is she able to improve it; that her husband at the time of his decease, owed certain debts contracted subsequent to acquiring the homestead in Sidney, and that he died without leaving any personal or other property except the said twenty acres of land. She asks the court to cause the legal title to said land to be conveyed to her, so that she can sell it and procure a homestead for herself and family.

This petition was on hearing, after default by defendant, dismissed for want of equity. It was proper to dismiss the petition, but it should have been dismissed for want of necessary parties and without prejudice. The child at least was a necessary party, as being interested in the real property by descent. The case could not properly be heard in the absence of the child as a party. The order or judgment of the District Court, with the modification suggested, will be

Affirmed.