## JOHNSON v. GAYLORD ET AL.

1. **Homestead:** RIGHT OF WIDOW IN. The title to the homestead, upon the death of an owner leaving a widow and heirs, vests in the heirs, the right of the widow being limited to that of occupancy.

2. ———: ABANDONMENT OF BY WIDOW. The abandonment of the homestead by the widow, where there are surviving heirs, does not subject it to liability for debts, other than those which would bind the estate before the death of decedent.

3. ———: OCCUPATION BY THE HEIRS. Occupation of the estate as a homestead by the heirs is not essential to protect it from the debts of decedent.

*Appeal from Polk Circuit Court.*

THURSDAY, OCTOBER 21.

THIS is an action to foreclose a mortgage executed by Charles Spangler, now deceased, securing a promissory note

held by plaintiff. Mary Gaylord, widow of deceased, Morris Spangler, a minor and his only heir, Joseph Knadler, administrator of his estate, and David Johnson, who holds another note secured by the same mortgage, are made defendants. Service was had upon the widow by publication, and no appearance was made by her. Personal service was made upon the minor heir, and a *guardian ad litem* appointed for him, who answered the petition, denying all its allegations. The administrator answered the petition, stating that he was advised of no defense thereto, and averring that certain claims were allowed against the estate, and that he had in his hands no personal assets to pay the same, and the costs of administration. Thereupon he prays the court that the surplus remaining from the proceeds of the sale of the real estate after payment of the sums secured by the mortgage, be paid to him as administrator of the estate. David Johnson filed answer and cross bill, alleging that he was the holder of one of the notes secured by the mortgage, and prayed that any surplus of the proceeds of the sale of the land, after paying plaintiff's claim, be paid to him, to the extent of the amount due upon the note held by him. No notice of the answer and cross bill of the administrator and David Johnson was served upon the other defendants, and they made no reply, nor did they plead in any form thereto. Upon these pleadings the court entered a decree foreclosing the mortgage, and ordering the sale of the land. All the rights and equities of defendants, Gaylord and the minor heir, are declared to be barred and cut off. The relief asked by the defendants Knadler, administrator, and Johnson, is granted to each respectively, and the surplus of the proceeds of the land is, by the terms of the decree, to be applied first, to the payment of plaintiff's claim and costs, second, to the payment of defendant Johnson's claim, and third, the balance is to be paid to the administrator. The decree was rendered October 3, 1874. On the 28th of November, 1874, defendants, the widow and minor heir, united in a petition filed on that day, praying that the decree be set aside, and that they be permitted to answer the cross bills of defendants, Knadler and Johnson. The petition sets up the

proceedings had in the case, substantially as above recited, and avers that petitioners had no notice of the decree until the 27th day of November, 1874; that defendant Gaylord resides in Nebraska, and the minor heir in Polk County; that the property conveyed by the mortgage was owned and occupied by the mortgagor, Charles Spangler, deceased, with the defendants, his widow and heir, as a homestead, until the time of his death, and as such was liable to no debts, except those secured by the mortgage in suit, and is not assets for the payment of the claims proved against the estate; that the debts secured by the mortgage were not contracted by the defendants named, but by the decedent in his lifetime, and that the real estate described in the mortgage and decree is held by the widow and heir of deceased in fee simple, free from any debts against the estate, except those secured by mortgage. The petition makes diverse charges of combination, bad faith, and fraud on the part of plaintiff, the defendants Knadler and David Johnson, and their attorneys, which need not be stated in view of the principles upon which the opinion is based. The relief asked in the petition is that the decree be set aside, and that the petitioners be permitted to appear and answer the cross bills of defendants, setting forth their interests in the lands, which they pray may be protected.

To this petition the defendants, Johnson and Knadler, demurred, upon these grounds: "1. The facts stated do not entitle the petitioners to the relief demanded. 2. As to the decree in favor of David Johnson, the petition sets up no pretense of any defense, legal or equitable. 3. As to the pretended homestead right, the petition sets up facts which avoid the cause of action in this, that it shows the homestead right has been permanently abandoned." The demurrer was sustained as to the third ground, and overruled as to the first and second. Defendants, Gaylord and Morris Spangler, appeal.

*Phillips & Phillips*, for appellants.

Upon the death of the owner the homestead descends to the survivor and their issue free from all debts of the decedent.

(*Nicholas v. Purczell*, 21 Iowa, 265; *Meyer v. Meyer*, 23 Id., 359; *Size v. Size*, 24 Id., 581; *Cotton v. Wood*, 25 Id., 43; *Burns v. Keas*, 21 Id., 257.) The abandonment of the homestead by the widow makes her tenant in common with the heir. (*Orman v. Orman*, 26 Iowa, 361.) See, also, *Floyd v. Mosier*, 1 Iowa, 513; *Stewart v. Brand*, 23 Id., 481; *Palmer v. Blair*, 25 Id., 231.

*St. John & Felshaw*, for appellee.

BECK J.—The demurrer was sustained on the ground that the abandonment of the homestead by the appellants terminated all the rights they before held to the property under the homestead law; that is, when it was no longer occupied as a homestead, it became liable to the debts of the estate, as other assets. Two questions other than those arising upon the decision of the court sustaining the demurrer on this ground are presented for our consideration. We are to inquire into the effect of the abandonment of the homestead by the widow after the decease of the husband, in whom the title was vested. The rights of the parties accrued prior to the Code. The provisions of the Revision must prevail in the case. The sections to be construed are as follows:

"2277. Where there is no special declaration of the statute to the contrary, the homestead of every head of a family is exempt from judicial sale."

(Under Sec. 2281, it may be sold upon mortgage, executed by the husband and wife thereon.)

"2295. Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead, until it is otherwise disposed of according to law."

"2296. If there is no such survivor, the homestead descends to the issue of either husband or wife, according to the general rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from the antecedent debts of the parents, or their own."

"2297. If there is no such survivor or issue, the homestead is liable to be sold for the payment of any debts to which it

might at that time be subjected, if it had never been held as a homestead."

· It is next important to state certain constructions of these statutes and decisions made by the court upon questions involved. It is held in *Burns v. Keas*, 21 Iowa, 257, that, upon the death of the party owning the homestead, it descends to the heirs, subject to the right of occupancy of the surviving spouse. See *Cotton v. Wood*, 25 Iowa, 44; *Nicholas v. Purc- zell*, 21 Iowa, 265; *Size v. Size*, 24 Iowa, 580; *Stewart v. Brand*, 23 Iowa, 478.

If upon the death of the husband, in whom the title of the homestead is vested, the wife abandons its occupancy, it ceases "to have that character, and she will be deemed to have waived or forfeited her right thereto as a homestead." Upon such abandonment she becomes a tenant in common with the heirs of her deceased husband, to the extent of her dower interest in the property. *Orman v. Orman*, 26 Iowa, 361.

The wife has not such an interest in the husband's property that she will be authorized by a court of equity to sell it, and invest the proceeds in another homestead, unless the heir be made a party to such proceeding, as one having an interest in the property by descent. *Palmer v. Blair*, 25 Iowa, 230.

From the statutes and cases cited, it clearly appears that the right of the surviving widow is no higher or greater than that 1. HOMESTEAD: of occupancy. The title vests in the heirs by right of wid- ow in. descent, subject of course to this occupancy. It is understood, too, that dower may be assigned in the home- stead, and to this extent the survivor will hold an interest therein, as a tenant in common with the heirs.

Now, if there be no survivor to claim the homestead, the heir takes it free from the debts of the deceased owner. In such a case there is no homestead right existing, on account of the prior death of both the husband and wife. The law contemplates that, upon the termination of the homestead right in such a manner, the heir takes the property free from the debts of his ancestor. Now it is not provided that, upon the termination of the homestead right in another way, by

abandonment, it is held subject to the debts. In the absence

**2. ———:** **abandonment of by widow.** of such a provision, we must conclude it was the legislative intention that when it comes into the hands of the heir, it should be free from debts. This intention, we think, is clearly expressed by section 2277, which declares that the homestead shall be exempt from judicial sale, except where there be a special declaration of the statute to the contrary, and by § 2297, which provides that it may be sold for debts, if there be no surviving husband or wife, and no issue of the owner. It would be strange indeed if the legislature should preserve to the heirs, free from debts, the homestead, where the wife did not survive the husband, and yet hold it liable for debts, if the wife terminated her right thereto by abandonment. No reason can be assigned for such a provision, and to our minds the sections of the statute under consideration will bear no such construction. The policy of the law, as is well expressed in the various provisions cited, is to protect the homestead from the debts of the deceased owner, whether it be in possession of a surviving widow, or descends to the heirs, free from the homestead claim

**3. ———:** **occupation by the heirs.** and interest of such survivor. There is no provision in the statute requiring the property to be occupied by the heir as a homestead, in order to protect it in his hands from the debts of the estate. From these views, it follows that the Circuit Court erred in sustaining the demurrer to the petition filed by appellants.

REVERSED.