Baker v. Jamison et al.

BAKER v. JAMISON ET AL.

1. **Homestead:** DESCENT TO HEIR: EXEMPTION IN HIS HANDS. Under § 2008 of the Code, where the ancestor dies leaving a homestead which descends to the heir, he takes it exempt from his own antecedent debts, and it remains exempt to him from such debts, though he never himself occupies it as a homestead. (Compare *Johnson v. Gaylord*, 41 Iowa, 362.) But in this case, *held* that the facts showed an abandonment by the ancestor before her death, and that, therefore, when it descended to the heir, a judgment against him upon a debt antedating the death of the ancestor became a lien upon it.

2. **Justices and their Courts:** JURISDICTION: NOTICE SERVED IN OTHER COUNTY: JUDGMENT: COLLATERAL ATTACK. A justice of the peace has jurisdiction to enter judgment against a resident of another county upon a written contract which, by its terms, is to be performed in his township, upon proper service of notice on the defendant. (*Klingel v. Palmer*, 42 Iowa, 166.) And where the only evidence which the justice had of the service of the notice was a return indorsed thereon, which purported to be signed by a constable of the other county, *held* that, as the determination of the sufficiency of the return was a matter within the jurisdiction of the justice, and it must be presumed that he determined that it was sufficient, the judgment based thereon, if erroneous, was not void, and could not be collaterally attacked. (See cases cited in opinion.)

3. **Practice:** DEPOSITIONS: ENFORCEMENT OF AGREEMENT IN DEROGATION OF RULE OF COURT. Where the parties agreed in vacation to waive the rule of court as to the time of taking depositions and the manner of trial, *held* that, when the parties came to the trial relying upon such agreement, it was not error for the court to hold them to it.

4. **New Trial;** NEWLY-DISCOVERED EVIDENCE: DISCRETION OF COURT. A motion to set aside the submission of a case, and for leave to introduce newly-discovered evidence, is addressed to the sound discretion of the trial court; and it is properly overruled where it appears that, by the exercise of proper diligence, the party might have discovered the evidence in time for the trial.

*Appeal from Clarke District Court*—HON. JOHN W. HARVEY, Judge.

TUESDAY, MARCH 6.

PLAINTIFF brought an action to quiet in her the title to three-fourths of certain real estate in Osceola. She claimed

to have acquired one-fourth of the property by descent from her mother, Charity Prentice, one-fourth by purchase from Jacob N. Prentice and one-fourth from T. J. Prentice—the said Jacob N. and T. J being sons and heirs at law of Charity Prentice, and having also acquired said interests by descent from her. The defendants pleaded title in themselves to the interest which plaintiff claims to have acquired from T. J. Prentice; their claim being based on a sheriff's deed executed under a sale of the property on execution issued on a judgment against said T. J. Prentice; and in a cross-petition they prayed that the title thereto be quieted in them. The district court entered judgment for defendants, granting the relief demanded in the cross-petition. Plaintiff appeals.

*W. B. Tallman*, for appellant.

*H. L. Karr*, for appellees.

REED, J.—I. Charity Prentice became the-owner of the property in 1875, and she and her family occupied it as a place of residence for several years thereafter. In about 1878 her husband died, but she continued for some time after his death to live in the house; her son Jacob N., who was a single man, living with her. He afterwards left the place, and she broke up housekeeping, and went to live with her married daughters. At one time one of the daughters lived for a few months on the property in question, and Mrs. Prentice lived there with her, but during most of the time after she discontinued housekeeping the place was occupied by tenants. In December, 1881, she accompanied the family of one of her daughters to California. · The daughter died in a few months afterwards, and in April, 1882, she returned to this state, and in May following, while visiting a sister, she was taken sick, and soon afterwards died. She left surviving her, as her heirs, plaintiff and the two sons, whose interests in the estate plaintiff claims to have acquired. One-fourth of the estate

1. HOMESTEAD: descent to heir: exemption in his hands.

descended to the surviving husband and children of the daughter who died in California, and no question affecting that interest is involved in this action. On the 17th of July, 1882, defendants recovered a judgment in a justice's court against T. J. Prentice, and on the same day a transcript of the judgment was filed in the office of the clerk of the circuit court, and subsequently an execution was issued thereon, which was levied on the interest of T. J. Prentice in the property, and at the sale thereunder the interest was bid in by defendants; and at the expiration of the period for redemption the sheriff executed a deed to them. On the 4th of August, 1882, T. J. Prentice executed to plaintiff a conveyance of his interest in the property; but, as that conveyance was made after the transcript was filed in the clerk's office, the interest acquired thereunder was defeated by the sheriff's sale and deed, if the judgment became a lien on the premises. And whether the judgment did attach as a lien depends upon whether the premises retained the homestead character up to the time of Mrs. Prentice's death. It is not claimed that they were exempt to T. J. Prentice as a homestead, for he never occupied the place for any purpose; but, if his mother retained the right of homestead in it up to the time of her death, he held the interest which descended to him exempt from his own antecedent debts. This is clearly the effect of the statute. (Code, § 2008.) And the fact that he did not take possession of the place, or occupy it as a homestead, after the death of his mother, is not material. (Johnson v. Gaylord, 41 Iowa, 362.) We think, however, that the finding of the district court that Mrs. Prentice abandoned her homestead right in the premises when she removed therefrom, is well sustained by the evidence. She was quite an old woman, and, at the time, was in poor health. Her children were all married, except her son Jacob, and he refused to remain with her. When she broke up housekeeping she sold most of her household goods, and we see nothing in the circumstances of the case to indicate that she then

had any intention or expectation of again making the place her home; but, on the contrary, all the circumstances indicate that the .abandonment was intended to be permanent. And in reaching this conclusion we do not consider the testimony of defendant Jamison, who testified that at one time she placed the property in his hands, and instructed him to sell it for her. Under Code, § 3639, he, being a party to the action, is not a competent witness to that·transaction.

II.    The judgment against T. J. Prentice was entered by a justice of the peace of Osceola township, Clarke county.

2. JUSTICES and their courts: jurisdiction: notice served in other county: judgment: collateral attack.

At that time Prentice resided in Marion county, but the suit was on a written contract for the payment of money, which, by its terms, was to be performed in Osceola township. The only evidence of the service of the original notice on file before the justice was a return indorsed on the notice, which purported to be signed by a constable of Marion county. These facts are shown by the judgment record. It is insisted that it is not shown by the recitals of the record that the justice had jurisdiction. That a justice of the peace has jurisdiction to enter judgment against a resident of another county upon a written contract which, by its terms, is to be performed in his township, upon proper service of notice on the defendant, is settled by *Klingel v. Palmer*, 42 Iowa, 166.   The point insisted on, however, is that the justice could not take notice, either of the genuineness of the signature to the return, or that the person whose signature it purported to be was a constable; and hence he had no evidence before him that the notice had ever been served.   But the justice was required to determine the question as to the sufficiency of the return.   That was a matter within his jurisdiction.   He did determine that the proof of service was sufficient.   His judgment may have been erroneous, but it is not void.   Its correctness cannot be questioned in this collateral proceeding.   (*Lees v. Wetmore*, 58 Iowa, 170; *Shawhan v. Loffer*, 24 Id., 217; *Pursely v. Hayes*, 22 Id., 11; *Farmers' Ins. Co. v. Highsmith*, 44 Id., 330.)

Baker v. Jamison et al.

III. A rule of court was in force in the district, under which the parties in equity causes (except causes for divorce) were required to take their evidence by deposition within a certain designated time after the appearance term. An order was made at the appearance term that the evidence in this cause be taken under the rule. Plaintiff took her depositions, but not within the time prescribed by the rule; and on the trial defendants produced their witnesses, and offered to take their testimony at that time, but plaintiff objected on the ground that, under the rule, they were entitled to introduce their evidence only in the form of depositions. It was shown, however, that plaintiff's depositions were taken out of time, on the agreement of counsel that witnesses might be examined orally at the trial, and on that showing the court overruled the objection, and permitted the witnesses to be examined at that time. It was clearly competent for the parties, with the consent or approval of the court, to waive the provisions of the rule as to the manner of the trial, and that is what was done. And we think the action of the court affords plaintiff no grounds of complaint.

*3. PRACTICE: depositions: enforcement of agreement in derogation of rule of court.*

IV. After the cause was submitted, plaintiff moved the court to set aside the submission, and permit her to introduce certain newly-discovered evidence, which she claimed was material to the case. The court, however, overruled the motion, and error is assigned on that ruling. The application was addressed to the sound discretion of the district court, and we would be warranted in disturbing the order only in case an abuse of that discretion was shown. We think the court was warranted in finding that, if plaintiff had exercised a reasonable degree of diligence, she might have discovered the additional evidence before the cause came on for trial. Under these circumstances it was clearly not an abuse of discretion to refuse to reopen the cause after it had been submitted, to give her an opportunity to introduce the newly-discovered evidence. AFFIRMED.

*4. NEW TRIAL: newly-discovered evidence: discretion of court.*