<hr />

## KITE v. KITE *et al.*

**Homesteads**: DESCENT: EXEMPTION FROM DEBTS OF HEIRS. Where an owner of land, including his homestead, dies, leaving a widow and heirs, and an action is brought to partition the land, and actual partition cannot be made, but it is sold and the proceeds divided, the widow is entitled to one-third of the whole, and judgment creditors of the heirs have no right, upon intervention, to demand that the widow's share be paid exclusively out of the proceeds of the homestead, and the interests of the heirs in the proceeds of the homestead are exempt from liability for their debts contracted prior to the death of their father. (See Code, sec. 2008.)

*Appeal from Wapello District Court.*—HON. CHARLES D. LEGGETT, Judge.

FILED, FEBRUARY 8, 1890.

PLAINTIFF commenced this action in equity for the partition of real estate in which intervenors claim an interest. The court found that a partition of the premises was not practicable, and ordered them sold, but

decided in effect that intervenors had no interest in a portion of the premises. involved in the proceedings known as the "homestead." The intervenors appeal.

*W. S. Coen*, for appellants.

No appearance for appellee.

Robinson, J.—The pleadings show the following facts: John Kite died intestate in the year 1885, seized of one hundred and twenty acres of land described in the petition, and of other real estate not specified. The defendant, Mary J. Kite, is the widow, and the other defendants and plaintiff are the heirs, of decedent. On the twenty-eighth day of August, 1886, the intervenors recovered a judgment against the plaintiff, A. L. Kite, and the defendants, Charles H. and William Kite, for the sum of $1,532.19 and costs, upon a note made before the death of John Kite. By their petition of intervention the intervenors allege that their judgment is a lien upon the interests of said judgment defendants, and ask that the referees to be appointed be ordered to pay to the clerk of the district court, to be applied on said judgment, any amount which may be due the judgment debtors from the proceeds of their interests. To the petition of intervention the widow filed her answer, alleging that she was the widow of decedent, and as such claims one-third of all the land involved in the proceeding. At the same time the judgment debtors filed their answer to intervenors' petition, in which they alleged that forty acres of the land in question, which is described, constituted the homestead of their father, the decedent, and as such it was exempt from liability for the payment of their father's debts, and is exempt from liability for the payment of their debts. They deny the alleged right of intervenor to the proceeds of a sale of their interests. To these answers the intervenors demurred. Afterwards, and before a ruling was made on the demurrer, the court, by agreement of all the parties, rendered a decree to

the effect that the land involved in the controversy could not be partitioned, and ordering a sale of all the land excepting the homestead. The rights of intervenors were to be thereafter determined. After that decree was rendered, the demurrer was overruled, and it was ordered that the proceeds of the sale of the homestead should be exempt from liability for intervenors' judgment. An order for the sale of the homestead, and the distribution of the proceeds thereof, was afterwards made. Appellants complain of the decision of the court, which exempted the judgment debtors' interest in the homestead from the payment of their judgment.

I.  Sections 2007 and 2008 of the Code are as follows: "Sec. 2007.  Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law. Sec. 2008. The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section, but the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased. But if there be no such survivor the homestead descends to the issue of either husband or wife, according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debt of their parents or their own." " Upon the death of the party owning the homestead, it descends to the heirs subject to the right of occupancy of the surviving spouse." *Johnson v. Gaylord,* 41 Iowa, 366. See, also, cases therein cited. The heirs hold the property free from the debts of the ancestor which, in his lifetime, could not have been enforced against it. *Moninger v. Ramsey,* 48 Iowa, 368. They also hold it exempt from their own debts contracted prior to the death of the ancestor, and they so hold it even though they do not take possession of and occupy it. *Baker v. Jamison,* 73 Iowa, 699; *Johnson v.*

*Gaylord, supra.* Section 2441 of the Code is as follows: "The distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. But no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors." It seems to be the claim of appellants that this section requires that the widow's share include the homestead, where creditors of the heirs of the decedent would be prejudiced by a different arrangement. In this case, if the widow is compelled to take the homestead, the interest of · the judgment debtors in the property of decedent, which may be subjected to the payment of their debt, will be larger than it will if a different arrangement is permitted. It was said in *Mock v. Watson,* 41 Iowa, 246, that section 2441 "simply forbids the widow receiving a greater interest in the real estate than that prescribed by law, namely, one-third in value of all the lands." The property involved in this case is in the condition contemplated by section 2451 of the Code. It cannot be divided, and must be sold. The widow is entitled to one-third of the proceeds of the whole, and creditors of the heirs of the decedent have no rights in his estate which entitle them to require the widow's share to be paid exclusively from the proceeds of the homestead. It is the policy of the law to exempt the homestead from judicial sale while occupied by the surviving husband or wife, and in the hands of the heirs. *Johnson v. Gaylord, supra.* It has been held that the proceeds of a homestead are liable for the debts of the surviving husband (*Huskins v. Hanlon,* 72 Iowa, 37), but the rights of the survivor and of the heirs to the homestead are in some respects materially different. It is exempt to the survivor while it remains his homestead, and he may sell and use the proceeds of his interest therein to procure another homestead which will be exempt from debts for which the first would not

have been liable. But he may abandon it, and thereby render his interest subject to the payment of his debts. The interests of the heirs, however, are exempt from liability for their debts, not because of any homestead right they have in the premises, but because of the homestead right of their ancestor. We conclude that the district court was right in overruling the demurrer of intervenor. AFFIRMED.