JENNIE SMITH *et ux.*, Appellants, v. JOHN DE KOCK, Appellee.

1. **Sheriff's Deed:** EXECUTION SALE : HOMESTEAD : PLATTING. The plaintiffs being the owners of forty acres of land, on which was situated their dwelling, and of fifteen acres adjoining, all of which was occupied as a homestead, but was subject to the lien of a judgment in favor of defendant, the latter caused an execution to be levied thereon. Thereupon plaintiffs served notice upon the sheriff that the forty-acre tract was claimed as a homestead. *Held*, that plaintiffs' notice rendered the platting of the homestead prior to sale under the execution unnecessary, and for an omission to plat same a sheriff's deed based upon such sale would not be set aside.

2. ———— : ———— : RETURN OF EXECUTION : EVIDENCE. The sheriff's return of the execution showed that the two tracts of land were offered separately, but did not show which was offered first. *Held*, that it was competent to show by parol evidence the order in which the different parcels were offered for sale.

*Appeal from Marion District Court.*—HON. O. B. AYERS, Judge.

WEDNESDAY, OCTOBER 29, 1890.

ACTION in equity to set aside a sheriff's deed. Decree was entered dismissing plaintiffs' petition. The plaintiffs appeal.

*Bolton & McCoy* and *Gesman & Prouty*, for appellants.

*Bosquet & Earl*, for appellee.

GIVEN, J.—I. The plaintiffs are husband and wife, and were the owners of a certain forty-acre tract of land upon which the dwelling of the family was situated. They also owned fifteen acres adjoining, the entire fifty-five acres being used and occupied together as the homestead of the family. At the time of the sheriff's sale, John Smith was insane, and detained in the hospital at

1. SHERIFF'S deed: execution sale: homestead: platting.

Mt. Pleasant. The defendant had execution upon a judgment against John Smith, rendered upon an indebtedness which antedated the occupancy of the land as a homestead, which execution was levied upon the fifty-five acres. Mrs. Smith caused notice to be served upon the sheriff, claiming the forty-acre tract as the home-stead of the family. The sheriff's return shows that he proceeded to sell said real estate "by offering the same in separate parcels, receiving no bid for either the forty-acre tract or the fifteen-acre tract; and thereafter John De Kock then and there bid for the above-mentioned real estate as follows, to-wit, the sum of four hundred and twenty-nine dollars," etc. This being the highest and best bid, the entire fifty-five acres were returned as sold to appellee, and upon this sale the deed in question is based. The grounds of objection to the deed are that the sale was made without platting the homestead, and without first offering the fifteen acres. Plaintiffs were entitled to have their homestead designated, and to have the other lands first offered for sale. A platting of the homestead would simply have been a platting of the forty-acre tract. By the notice from Mrs. Smith, the selection was, under the law, as definite as a platting would have made it. The law does not require useless things, and certainly the deed will not be set aside for an omission to do this useless thing, if the sale was otherwise regular.

II. It will be observed that the sheriff's return shows that the land was offered in separate parcels, but 2. ——: ——: does not show which parcel was offered return of first. On the trial the sheriff was asked execution: evidence. which tract he first offered, and the answer taken subject to plaintiffs' objection. The answer was not to vary or contradict the return, but to show a fact that did not appear therein, and was, therefore, competent. The sheriff answered that, to the best of his knowledge, the fifteen-acre tract was offered first. In this he is corroborated by the presumption that he did his duty, and it was clearly his duty to first offer the

land other than the homestead. He is further cor-
roborated by the testimony of Mr. Bosquet, who was
present at the sale, and testifies that the fifteen acres
were first offered.   The defendant's judgment being a
lien upon all the lands for a debt incurred prior to the
occupancy of the land as a homestead, the defendant
had a right to subject the entire fifty-five acres to sale,
if necessary, to satisfy his judgment.  Plaintiffs had
the right to designate their homestead, or have the
same designated, and to have the lands other than the
homestead first offered for sale.   In the sale the law
was observed in all these respects, except that the
designation of the homestead was not done by platting
the same.   The omission, if it may be called such under
the circumstances, was without prejudice to the rights
of the plaintiffs.   Aside from the consideration already
mentioned, it is evident that the fifteen acres would
have been insufficient to satisfy the execution, which
was for four hundred and twenty-nine dollars, and the
sale of the homestead would have followed as a neces-
sary consequence.

    The decree of the district court must be AFFIRMED.