IN THE MATTER OF THE ESTATE OF JANE COULSON, Deceased. IONE COULSON, Appellant.

Code section 2008, provides that, if there be no survivor, the homestead shall descend to the issue of either husband or wife, exempt from any debt of their parents or their own. Code, section 2441, that the distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as shall be equal to the share alloted to her, unless she perfers a different arrangement, but no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors. Code, section 2440, provides that the right of a surviving husband shall be the same as that of a surviving wife. *Held,* where the owner of a homestead and of other land dies intestate, leaving a husband

who abandons the homestead and elects to take his distributive share, he may take such share out of land which is not part of the homestead, and the homestead will go to the children free from the debts of the mother.

GRANGER and DEEMER, JJ., dissent.

*Appeal from Clay District Court.*—HON. LOT THOMAS, Judge.

TUESDAY, OCTOBER 15, 1895.

This is a proceeding in probate for the sale of real estate to pay debts of the decedent, and for the distribution of the proceeds of sale. From an order of the court refusing to make a certain disposition of a part of such proceeds, Ione Coulson appeals.— *Reversed.*

*H. F. Galpin* for appellant.

*Cory & Bemis* for appellee.

Robinson, J.—In September, 1891, Jane Coulson, a resident of Clay county, died intestate. Her husband and ten children, the youngest of whom was more than twenty-one years of age, survived her. An administrator of her estate was appointed, who commenced this proceeding for an order authorizing the sale of a tract of one hundred and sixty acres of land in Clay county, for the payment of debts against the estate, on the ground that the personal property was not sufficient for that purpose. Notice of the application was served on the husband, children, and one John R. Lemon, all of whom appeared and joined in an answer to the application. It appears that the tract in question comprised all the land of which Mrs. Coulson died seised, and that it included the homestead of herself and her husband. After her death her children conveyed their interest in the land to her

husband, he sold and conveyed the land to the appellant, and she conveyed it to Lemon. The husband continued to occupy the homestead for about a month after the death of his wife. Since that time it has not been occupied as a place of residence by the husband, by any of the heirs, nor by any of their grantees. The answer filed alleged that the husband had elected to take his distributive share of the land under the statute, in lieu of his right to occupy the homestead; that neither the homestead nor any distributive share in the land had been admeasured, nor in any manner apportioned; that the husband was entitled to an undivided one-third of the land, which could not be subjected to the payment of the debts of the decedent; that the homestead descended to the children free from liability for such debts, and discharged of all claims by the father; that the children became seised of the remainder of the land, subject only to the debts of the decedent; and that by the conveyances alleged all the interests thus acquired vested in Lemon. The answer asked that the homestead and one-third part of the land, not to include the homestead, be ascertained, and not sold, but set apart for Lemon, and, if the remainder of the land should be sold, that so much of the proceeds as should remain after the payment of debts and costs be paid to him. The court ordered the sale of the entire tract of land, and it was sold, accordingly, for the sum of two thousand four hundred dollars. The value of the homestead was seven hundred dollars. In February, 1893, the administrator made his report of the sale, and submitted with it, for approval, a deed to the purchaser. The report and deed were approved without objection on the part of any one. Thereafter, two motions were filed by Lemon, the husband of the decedent, and her children. The first one asked that one-third of the gross proceeds of the sale be paid to Lemon. The

other asked that the value of the homestead be also paid to him.  Objections to the motions were filed by the administrator.  The court sustained the first motion, and ordered the payment of eight hundred dollars to Lemon, but overruled the second one. Lemon afterward assigned his interest in the estate to Ione Coulson, and she appeals from so much of the order of the district court as denied the application for the payment of the value of the homestead to Lemon.

The question we are required to determine may be stated as follows:  When the owner of a homestead and of other real estate dies intestate, leaving a surviving husband or wife, and issue, and the survivor abandons the homestead, and elects to take of the real estate the distributive share, as provided by law, may that share be so taken as not to include the homestead, and the homestead be permitted to descend to the issue of the deceased spouse free from all liability for the debts of the decedent?

Sections 2007 and 2008 of the Code are as follows:

"Sec. 2007.  Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law.

"Sec. 2008.  The setting off of the distributive share of the husband or wife in the real estate of the deceased, shall be such a disposal of the homestead as is contemplated in the preceding section.  But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased, but if there be no such survivor the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own."

It appears that there were tax, mortgage, and judgment liens on the land sold, to the amount of more than one thousand dollars. Those liens do not include all the claims against the estate. Therefore, if the relief demanded by the appellant be granted, the portion of the estate remaining at the disposal of the administrator will not be sufficient to pay the debts of the estate. It is the theory of the appellant that the right of the husband to occupy the homestead during his lifetime was possessory only, and that the title in fee to the homestead descended to the children, subject only to the possessory right of the husband, and that when he abandoned that right the title of the children was free from all incumbrance. There is no doubt that, when the distributive share of the husband is set apart in other property than the homestead, his right in that is at an end. *Burdick v. Kent,* 52 Iowa, 585 (3 N. W. Rep. 643). It was held in *Johnson v. Gaylord,* 41 Iowa, 362, that, when the survivor terminates his right to the homestead by abandonment, the homestead character is not terminated, but the homestead descends to the children free from the debts of the deceased owner. That decision was based upon section 2296 of the Revision of 1860. An amendment was incorporated in section 2008 of the Code, which includes section 2296 of the Revision of 1860, but it was designed to determine what should be such a disposal of the homestead as would terminate the right of the survivor to possess and occupy it. *Hornbeck v. Brown,* 91 Iowa, 316 (59 N. W. Rep. 33). The amendment does not affect the character of the homestead when it descends to the children of the deceased owner. In *Kite v. Kite,* 79 Iowa, 491 (44 N. W. Rep. 716), it was held that the widow of the deceased owner of a homestead was entitled to one-third of his real estate, that she could not be compelled by creditors of his children to accept her share

exclusively from the proceeds of the homestead, and that the interest of the children in such homestead was exempt from seizure for the payment of their debts. Section 2441 of the Code provides that "the distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead, or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. But no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors." It was said of this provision, in *Mock v. Watson*, 41 Iowa, 246, that it did not make the right of the widow subordinate to that of creditors; and that rule was applied to creditors of the children in *Kite v. Kite*, *supra*. The right of a surviving husband is made, in that respect, by section 2440 of the Code, the same as that of a surviving wife. It is settled, also, that the homestead is exempt, in the hands of the children, even though they do not occupy it, and they may sell it, and the proceeds may also be exempt. The decisions to which we have referred authorize the conclusion that the surviving husband or wife may elect to take a distributive share of the real estate of the deceased spouse, which shall not include the homestead which was owned by the decedent; that creditors cannot prevent such an apportionment; and that when it is made the homestead will descend to the issue of the decedent, and retain its exempt character in their hands. Applying this conclusion to the facts in this case, it follows that the husband was entitled to one-third of the proceeds of the real estate in question, or eight hundred dollars; that the children of the deceased wife, or their assignee, was entitled to the value of the homestead, or to seven hundred dollars, and that the remainder only should have

been placed under the control of the executor. The judgment of the district court is *reversed*.

Granger, J. (dissenting).—I am unable to concur in the conclusion of the majority in this case. I do not think that the conclusion has support in a proper construction of the statute, or the decisions of this court. The provisions of the statute are, to my mind, so clear on the subject, that, if any of the decisions support such a conclusion, they are erroneous, and should be overruled. The proposition as stated is: "When the owner of a homestead and of other real estate dies intestate, leaving a surviving husband or wife, and issue, and the survivor abandons the homestead, and elects to take of the real estate the distributive share, as provided by law, may that share be so taken as not to include the homestead, and the homestead be permitted to descend to the issue of the deceased spouse free from all liability for the debts of the decedents?" As I understand the majority opinion, it, in effect, answers the proposition in the affirmative, when the effect would be to prejudice the rights of creditors; that is, when the effect of taking of the distributive share out of the real estate, other than the homestead, would be to take from creditors what they would receive if the distributive share was so taken as to include the homestead. The proposition may be reduced to this: When the property of an estate, exclusive of the homestead, is no more than sufficient to pay the creditors, can the surviving husband or wife, by an election, so take the distributive share in the real estate (one-third) that both the homestead and the one-third are exempt from the payment of debts? It seems to me that the affirmative of the proposition cannot be sustained. The opinion holds, correctly, that the heirs take the homestead freed from the debts of the estate. The

law gives to the survivor (husband or wife) either a distributive share in the real estate, or a homestead right, but not both. The survivor may determine which it shall be. These propositions are not controverted. The following is section 2440 of the Code: "One third in value of all the legal or equitable estates in real property, possessed by the husband at any time during the marriage, which has not been sold on execution or any other judicial sale, and to which the wife has made no relinquishment of her right, shall be set apart as her property in fee simple, if she survive him. The same share of the real estate of a deceased wife shall be set apart to the surviving husband. All provisions made in this chapter in regard to the widow of a deceased husband, shall be applicable to the surviving husband of a deceased wife. The estate of dower and curtesy are hereby abolished." This section gives to the survivor one-third in value of the real estate, but it has no provision as to what part of the real estate shall go to make up the distributive share. Section 2441 deals with that subject, and is as follows: "The distributive share of the widow shall be so set off as to include the ordinary dwelling house given by law to the homestead or so much thereof as will be equal to the share allotted to her by the last section, unless she prefers a different arrangement. But no different arrangement shall be permitted where it would have the effect of prejudicing the rights of creditors." If from this section we eliminate the words, "unless she prefers a different arrangement," and the words that follow, the two sections would so clearly define the distributive share as including the dwelling house, as not to be open to construction. The eliminated words have no other meaning than to permit other arrangements if they do not prejudice the rights of creditors. I do not see how

language can be more conclusive. It is that the distributive share shall be so set off as to include the dwelling house, unless a different arrangement is preferred, and such a preference cannot be exercised to the prejudice of creditors.

It seems to me that the opinion clearly misapprehends the import of the language in *Mock v. Watson,* *cited.* In that case the question of homestead is in no way involved. The claim of the creditors was that the debts must be paid before a distributive share could be set off. The case holds that the widow is first entitled to her distributive share, and the remainder only is subject to the payment of creditors. In the opinion in that case a reference is made to section 2441, and it seems to have been claimed that any arrangement other than applying all the real estate to the payment of debts, if necessary, was forbidden by the section, as prejudicial to creditors, and that the widow's right was subordinate to theirs. It is correctly said that no such conclusion is admissible. The question of what part of the real estate may be taken as the distributive share was neither presented nor considered in that case, and it is the precise question in the case at bar. The case of *Kite v. Kite,* also cited, is clearly distinguishable in its facts from this case. It is a case in which the creditors of the heirs, and not those of the estate, made the claim that the distributive share must include the homestead, if any other arrangement would prejudice their rights. Referring to section 2441, the opinion says: "It seems to be the claim of appellant that this section requires that the widow's share include the homestead, where the creditors of the heirs of the decedent would be prejudiced by a different arrangement. The widow is entitled to one-third of the proceeds of the whole, and the creditors of the heirs of the decedent have no rights in his estate which entitle them to

require the widow's share to be paid exclusively from the proceeds of the homestead." That is the question in the case, and the only one. The creditors of the heirs are not the creditors referred to in the section under consideration, for which reason their claim was unfounded. The conclusion is clearly correct. I do not think, even, that the reasoning of the opinion supports the conclusion of the majority in this case; but, if otherwise, it is not, and should not be made, controlling. The effect of the holding is to permit the surviving husband or wife, by election, to place, of the real estate, other than the homestead, one-third in value beyond the reach of creditors. As between the survivor and the heirs, I regard the rule of the majority opinion as correct, but, under the plain language of the law, such a rule cannot obtain if the result is to prejudice creditors. The district court seemed to be of this view, and I think its judgment should be *affirmed.*

Mr. Justice Deemer concurs in this dissent.