W. S. PORTER, Administrator of the Estate of SARAH PER-
.KINS, deceased, Appellant, v. JOHN PERKINS,

AND OTHERS.

**Homestead:** LIABILITY FOR DEBTS: RIGHT OF HEIRS. The homestead of a deceased wife descends to her heirs free from her debts contracted subsequent to its acquisition, but subject to her husband's right of life occupancy; and any attempted change in boundary made by the husband after her death will not affect the interest of her heirs.

*Appeal from Hardin District Court.*—HON. J. R. WHIT-
AKER, Judge.

TUESDAY, APRIL 12, 1904.

ON application of plaintiff, as administrator, the court ordered the sale of a portion only of a tract of land owned by the deceased at the time of her death for the payment of a claim filed against the estate, which there was no personal property to satisfy, holding that the balance of the tract had been the homestead of the deceased, and descended to her

heirs, who were made defendants in the proceeding, free from decedent's debts. The plaintiff appeals.— *Affirmed.*

*John Porter* and *Walter L. Weaver,* for appellant.

*Albrook & Lundy, Huff & Huff,* and *F. M. Williams,* for appellees.

McCLAIN, J.— It is conceded on both sides that Sarah Perkins, the deceased, about the year 1859 acquired title to the premises in controversy, consisting of a fractional quarter quarter section including about forty-seven and one-half acres of land; and that she, with her husband, who survives her and is one of the defendants in this action, commenced to reside on this tract in 1863, and continuously resided and made her home thereon until her death, testate, in 1896. In the meantime the husband had acquired adjoining land, which was used for farming and stock raising, but no portion of the buildings or improvements used in connection with the dwelling house as a place of residence was located on the husband's land. After the wife's death the husband elected to occupy the homestead for life in lieu of his dower interest in the property of his wife. A claim was filed against the estate for a debt created subsequently to the occupancy of the premises as a homestead, and application was made for the sale of the land above referred to for the purpose of satisfying such claim. The surviving husband and the heirs of the deceased wife resisted this application on the ground that the premises, as the homestead of the deceased, were not subject to be taken as against the husband and heirs for the payment of her debts. The surviving husband subsequently attempted, however, to plat a homestead of forty acres including only the north twenty-five acres of the tract in question and fifteen acres of his own land lying north of the original homestead tract, while the heirs of the deceased, on the other hand, attempted by some kind of proceeding to assert a homestead right to forty acres

of the original homestead, omitting a small portion of the entire tract situated in the northeast corner of the quarter quarter section, and separated from the remainder thereof by a highway. The sufficiency of these two attempts to designate a forty-acre tract which should be exempt, as the homestead, from the debts of the deceased, are, in our view of the case, wholly immaterial, as they were made subsequently to the death of the owner.

With reference to the descent of the homestead of a deceased owner, it is provided by Code, section 2985 — which does not differ in this respect from the statutory provisions in force at the time of decedent's death — that " the survivor may elect to retain the homestead for life in lieu of " her dower interest " in the real estate of the deceased; but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own except those of the owner thereof contracted prior to its acquisition;" and by Code, sections 2972, 2978, it is provided that the homestead of every family, whether owned by the husband or wife, is exempt from judicial sale, and must not contain in the aggregate more than forty acres. It is clear, therefore, that forty acres of the forty-seven-acre tract constituted the homestead of deceased, and descended to her heirs, subject to her husband's life estate, free from her debts. It may be that, in the absence of any selection by the owner of the particular forty acres from the forty-seven-acre tract which could be claimed as a homestead, no portion of the tract was subject to sale until in some proceeding it was determined what portion actually constituted decedent's homestead, but as the husband testified that the north forty acres were occupied as such homestead, and as the court ordered the sale only of the portion of the tract not included within this designation,

and as the heirs have not appealed, we need not concern ourselves with that question.

The only real controversy is as to whether the court should have ordered the sale of all that portion of the tract not subsequently included by the husband in his attempt to plat a homestead which should cover the north twenty-five acres of the tract and fifteen acres of his own land. In other words, the question is whether the court should not have ordered the sale of the south twenty-two and one-half acres of decedent's property, which would have been sufficient to satisfy the claim against the estate, instead of ordering the sale of only the south seven and one-half acres, which were not sufficient for that purpose. Now, it is to be borne in mind that the rights of the heirs to hold the interest descending to them from their mother free from liability for her debts is not dependent on any homestead right in them, but is based entirely upon the homestead character of the premises as owned and occupied by her prior to her death. It is of no consequence, as affecting the question, whether the owner of a remainder over after a life estate has such an interest that he may, under any imaginable circumstances, have a homestead in the property; and it is immaterial as to the heirs, so far as they take any interest in the property by descent, whether the surviving husband continues to occupy the homestead under a life tenancy or elects to abandon the homestead right and have a one-third interest in the same or other property set off to him. If he continues to occupy the homestead, taking a life interest therein, the debts of the deceased owner cannot be enforced against it either as to him or the heirs. If he takes a one-third in fee, then, so far as this one-third does not include the homestead, or a portion of it, such homestead not included in setting off dower, or the portion of it not so included, descends to the heirs in fee free from the debts of the deceased owner. As fully supporting these propositions, see *Johnson v. Gaylord,* 41 Iowa 362; *Kite v. Kite,* 79 Iowa 491; *Maguire v. Ken-*

*nedy,* 91 Iowa 272; *In re Estate of Coulson,* 95 Iowa, 696. No doubt, as was held in *Lowell v. Shannon,* 60 Iowa 713, the homestead may consist in part of land belonging to husband and wife separately, but it clearly appears in this case that the original homestead of deceased and her husband was on the tract of land belonging to her, and there is no sufficient evidence to require us to reach a different conclusion than that evidently reached by the trial court, to wit, that this homestead remained unchanged as to its location until the death of Mrs. Perkins. Any changes in the boundaries of the homestead made by her husband after her death cannot possibly affect the interest of her heirs.

The action of the trial court in refusing to order the sale of more than the south seven and one-half acres of the tract of land of which the deceased died seised for the payment of her debts was right, and the judgment is *affirmed.*

Weaver, J., takes no part.