## In re EASH.

(District Court, N. D. Iowa, Cedar Rapids Division. October 7, 1907.)

1. BANKRUPTCY—DECREE OF STATE COURT—REVIEW.

An order of a state court in proceedings for the administration of a decedent's estate, confirming a sale of property including the homestead, and declaring that so much of the proceeds as represented the value of the homestead was exempt to the heirs from the claims of creditors, being within the jurisdiction of such court, could be reviewed and corrected only by appeal to the Supreme Court of the state, and was not reviewable in a court of bankruptcy.

[Ed. Note.—Appeal and review in bankruptcy cases, see note to In re Eggert, 43 C. C. A. 9.]

2. SAME—EXEMPTIONS—HOMESTEAD.

Iowa Code, § 2985, provides that if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own except those of the owner thereof contracted prior to its acquisition. Held, that where there was no surviving husband or wife, the bankrupt heir was entitled to have his portion of the proceeds of the homestead set off to him in the bankruptcy proceedings as exempt under such section of the state law unless he had waived his right thereto.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, §§ 668–670.]

3. SAME—WAIVER.

Where a bankrupt heir made a claim to his share of the proceeds of a sale of the homestead in a state court in administration proceedings before the sale was approved by that court, and also claimed such exemption in his bankruptcy petition, and petitioned the referee to set it aside to him as exempt as soon as it came into the custody of the bankruptcy court, his right thereto was not waived.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 6, Bankruptcy, § 669.]

4. HOMESTEAD—EXEMPTION—PLATTING—SALE.

Iowa Code, § 2979, providing for the setting off or platting of a homestead, is directory only, so that the sale of a 55-acre tract, 40 of which were a homestead, without platting the homestead, did not render the sale of the homestead void.

**5. SAME—MORTGAGE—SALE OF HOMESTEAD.**

Where a homestead and other property was mortgaged, and the other property was insufficient to pay the mortgage debt, the homestead was subject to sale for payment of the deficiency as authorized by Iowa Code, § 2976.

[Ed. Note.—For cases in point, see Cent. Dig. vol. 25, Homestead, § 167.]

**6. BANKRUPTCY—SALE OF REAL ESTATE—MODE—DECISION OF STATE COURT.**

Where property, including a homestead in which a bankrupt was interested as an heir, was required to be sold in administration proceedings for the payment of a mortgage, it was for the state court to determine whether or not the property should be sold as an entirety or in parcels.

**7. HOMESTEAD—PARTITION—SALE.**

Where property including a homestead was mortgaged, and it was necessary to resort to the homestead to pay a deficiency, and the homestead descended to some 15 or 16 persons as heirs at law, it could not be advantageously partitioned, and was properly sold as a whole.

On Petition of the Bankrupt for Review of Order of Referee Denying his Claim to Exemptions.

A. E. Maine, for bankrupt.

A. E. Swisher and Dutcher & Davis, for creditors.

REED, District Judge. From the evidence it appears that Mrs. Magdalena Eash, late of Johnson county, this state, died intestate in that county March 1, 1905, leaving the bankrupt Moses I. Eash and some 15 other persons surviving her as her heirs at law, but no surviving husband. At the time of her death Mrs. Eash was the owner of 55 acres of land in said Johnson county, 40 acres of which was her homestead, all of which was covered by a mortgage made by her during her lifetime. An administrator of her estate was duly appointed, who petitioned the district court of Johnson county in probate, for an order authorizing him to sell said real estate to pay the mortgage indebtedness thereon, and other debts of the deceased. Notice of this petition was served upon the bankrupt and other heirs of Mrs. Eash, and a sale was ordered as prayed. The administrator negotiated a sale of the property as a whole, and reported the same to said district court. The bankrupt and other heirs of Mrs. Eash, on said report being made, appeared in court and objected to the sale of the homestead upon various grounds, and claimed that, if the sale should be approved, the proceeds arising from the sale of the homestead above the amount of the mortgage indebtedness be set apart to them as exempt from the debts of Mrs. Eash and their own as provided by section 2985 of the Code of Iowa 1897, which section is as follows:

"Sec. 2985. Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife, in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated. The survivor may elect to retain the homestead for life, in lieu of such share in the real estate of the deceased; but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own except those of the owner thereof contracted prior to its acquisition."

The heirs did not object to the validity of the mortgage upon the homestead, and consented that the sale might be approved if the proceeds arising from the homestead above the amount necessary to pay the mortgage debt after applying the proceeds arising from the sale of the 15 acres was set apart as exempt to them under said section. On Jury 11, 1905, the court approved the sale of the property, and sustained the claim of the heirs, including the bankrupt, to the proceeds of the sale of the homestead above the amount necessary to pay the mortgage indebtedness, and directed the administrator to pay the surplus to them as exempt under said section. This order or decree has never been set aside or modified, but was confirmed by an order of that court April 14, 1906, made upon the application of certain of the creditors of Mrs. Eash to set aside or modify the same as to such exemptions. July 13, 1905, the bankrupt filed his voluntary petition in bankruptcy, upon which he was adjudged bankrupt July 17th following, and a trustee of his estate was duly appointed. In his petition the bankrupt claimed his share of such proceeds arising from the sale of the homestead of Mrs. Eash above the amount of the mortgage, as exempt to him under the Iowa statute. In July, 1906, such share of the bankrupt in the proceeds still remaining in the custody of the district court of Johnson county, that court, upon application of the trustee, directed that such share be turned over to the trustee, which was accordingly done. The bankrupt thereupon petitioned the referee for an order setting apart such fund to him as exempt under said section of the Iowa Code. The referee denied this petition, and held that the fund was subject to the debts of the bankrupt, and it is this order that the bankrupt seeks to have reviewed.

The order or decree of the district court of Johnson county was made in a proceeding in that court in which the administrator of Mrs. Eash as the representative of her creditors was a party, and it had jurisdiction to make such order. If the order is erroneous it can only be corrected by an appeal to the Supreme Court of the state; the court of bankruptcy should not undertake to review it. If, however, the state court had not adjudged this fund to be exempt to the bankrupt prior to the bankruptcy proceedings, it would still be the duty of the court of bankruptcy to determine and set apart to the bankrupt property which is exempt to him under the state law. This fund is clearly exempt to the bankrupt under said section 2985 of the Iowa Code, and he is entitled to have the same set apart to him as such unless he has waived his right thereto. Baker v. Jamison, 73 Iowa, 698, 36 N. W. 647; Johnson v. Gaylord, 41 Iowa, 362. He made claim to the fund in the state court before the sale of the homestead was approved by that court; he also claimed it in his petition in bankruptcy; and petitioned the referee to set it apart to him as exempt as soon as it came into the custody of the court of bankruptcy. It cannot under such circumstances be rightly held that he has waived his right to the exemption.

It was suggested in argument that the sale of the homestead was illegal because it had not been set off or platted as required by section 2979 of the Iowa Code; and that the proceeds arising from the sale thereof are not exempt; that the homestead itself only is exempt un-

der section 2985. But section 2979 is directory only, and the sale of the 15 acres without platting the homestead does not render the sale of the latter void. Newman v. Franklin, 69 Iowa, 244, 28 N. W. 579. And see Smith v. De Kock, 81 Iowa, 535, 46 N. W. 1056. It appears that the property other than the homestead was insufficient to pay the mortgage debt. It was therefore necessary to resort to the homestead to pay the deficiency. Code, § 2976. It was for the state court to determine whether or not the property should be sold as an entirety or in parcels. Kite v. Kite, 79 Iowa, 491, 44 N. W. 716. The homestead of Mrs. Eash descended to some 15 or 16 persons as her heirs at law. It is readily apparent that it might not be advantageously partitioned among those heirs; or that to sell it in parcels less than the whole might materially lessen the amount that it would bring. These were all matters to be considered in determining how the property should be sold, or whether or not the sale should be approved. The state court approved of the sale as a whole, and the determination of that matter should not now be inquired into by the court of bankruptcy. As it was necessary to resort to the homestead to pay the mortgage debt, the surplus arising from such sale after paying the mortgage would go to the heirs in lieu of the homestead and be exempt to them the same as the homestead itself. See Estate of Coulson, 95 Iowa, 696, 64 N. W. 755; Kite v. Kite, 79 Iowa, 491, 44 N. W. 716.

The conclusion, therefore, is that the referee should have granted the petition of the bankrupt and set apart this fund to him as exempt under said section 2985, and the matter is referred back to him to so do.

It is ordered accordingly.