Livingston, J.,
delivered the opinion of the court. This cause was very ably argued, and both parties appeared to admit it was one of considerable difficulty. It may be so, but we were well satisfied on the argument, and have seen no reason to change our opinion since, that the plaintiffs, Leah Newkerk and Jannetje Eoosa, took, under their father’s will, an absolute estate in fee-simple in the premises in question, in common with the other children and grandchild of the devisor, and that, therefore, they were entitled to recover in this suit.
It can hardly be doubted, that a devise of a man’s right in lands will pass all his estate and interest therein, and of course a fee, if he himself have one. Eight is equivalent to all right; and if all his right be devised, what is there left for others ? "Wills, it is known, are favorably expounded for a devisee, to give effect to the devisor’s intention, who, not always being in a situation to obtain professional aid, may not use legal or technical phrases. For this reason words in devises are dispensed with, that are requisite in other instruments. Not only a fee may be thus conveyed, without words of inheritance, and an estate tail without words of procreation, but an estatemay pass by implication. Nay, to give a fee-simple, it is not even necessary to use any words of perpetuity; it is sufficient that it appears to be the testator’s intention to dispose of all his interest. This is implied from the use of the word estate alone. Holdfast v. Marten, 1 D. & E. 411; Fletcher v. Smiton, 2 D. & E. 656; 1 Ves. 228.
Although the word right be not so commonly used as that of estate, and, therefore, we are without decisions as to its operation and effect, there can be no danger in regarding it in legal parlance, at least in wills, as synonymous with the other. If the testator’s intention be a guide, and it be recollected that his own children were the objects of his benevolence, no one can doubt that he considered and used it as such, and that it was his desire the devisees should take a fee in these lands.
As by this disposition, if unconditional, his children took ^nothing more in these premises than they would have had as heirs at law, perhaps it may be altogether void; for, when that is the case, the heir is in by descent, which is a better title than purchase. But we are not disposed to consider the devise void on that account; not only because the defendants have not insisted on it, but more especially because such a determination could have no other tendency than to turn the plaintiffs round to another action, if we should think that, having claimed under a will, they cannot recover as heirs at law.
The effect of tbe condition is next to be considered. By the defendant’s counsel it is insisted, that the residence here mentioned was a condition precedent, which must, therefore, be performed, or complied with, before the estate can vest. There are no technical appropriate terms to distinguish in all cases between conditions precedent and subsequent; for the same words may, at different times, make them the one or the other, according to the different intent of the persons who create them. Cases temp. Talbot, 184. Pow. on Dev. 246. We should be inclined to regard this, if valid, as a condition subsequent. If his children did not inhabit the town of Hurley at the testator’s death, (which was the case with only one of them,) he certainly intended to afford them time to remove there. The estate, then, must have vested immediately on the testator’s death, liable to be defeated by a refusal to reside in the town of Hurley. So also Arriantje Dubois, who alone of the devisees inhabited the town, would take immediately on the testator’s death, but might forfeit it on a removal. Thus, if lands be given to a person on condition of executing a release of all his demands against the devi- *352 sor’s estate within three months after his decease, this is a condition subsequent, and the lands vest in the devisee, to oe defeated or not, according to what may after happen, Avelyn v. Ward, 1 Ves. 420. But it is not very necessary to fix on the class to which this condition belongs, for we think it void, either because of its repugnancy to the estate devised, or as being highly unreasonable, or for its uncertainty, or on account of its being nugatory and inoperative, the same being imposed on the heirs at law, without any limitation or devise over.
It is repugnant to the estate ereated. A grant or devise in fee, on condition that the grantee or devisee shall not alien, is void. 5 Vin. p. 102, pi. 22. Although the law permits a man to direct what shall become of bis property after his decease, *and even to annex conditions, upon the performance of which the party designated shall enjoy it, yet these conditions are not highly favored, and ought not to lay unnecessary, or improper restraints on an heir. In this light, the condition under consideration is not to be endured; for what is it, in the sense of the defendant, but a complete prohibition to alien? If the devisees were always to inhabit the town of Hurley, they could not sell. If they did, were the grantees also to be inhabitants of the same town? Or were the devisees themselves, even after the alienation, to remain there ? If continuing there only while they held the estate were sufficient, they might defeat the testator’s intention, by parting with the land as soon as that situation became irksome to them, unless their assigns were forever to live in that town, which would not only be a great clog on its alienation, but would be entailing a very unsual condition on the owners of this property, and one that was too have no end, which the testator had no right to do.
If there be no contradiction between the devise and the condition, or unnecessary restraint on the devisees, it is to absurd and unreasonable to be countenanced. It is *353 absurd for any man to compel all bis children to live in a'small country village, as the condition of enjoying a piece of wood-land lying there. A thousand better situations might" offer for obtaining a livelihood, or being useful to the public, and when from caprice, or any other motive, choice in this respect, which ought to be free, is denied them, courts ought not to be very solicitous to enforce a direction, which, to say the least of it, betrays more of a whimsical disposition in the testator, than of that sound sense and. understanding which he professes to have enjoyed when he made his will. If conditions in restraint of marriage, generally, are void, as being against the reason and policy of the law, we do not perceive why one so unreasonable as that of confining a man’s residence to a single spot, should not also be void. Again, it is too uncertain and unintelligible to be enforced. What precise ideas are to be affixed to the terms, “ in case the same continue to inhabit the town of Hurley ?” Is the expression equivalent to “ so long as?” We read of an 'estate being granted to a man so long as he was parson of a particular parish, or while he continued unmarried, or until he had made a certain sum out of the rents, but never, until now, heard of lands being granted, in fee-simple, so long as the grantee ^should continue to reside on or near the property. But it may well be doubted whether we have a right to annex to these terms a signification so latitudinary. In case a man continue to inhabit a particular spot, does not necessarily imply that he is always to do so ; for if he continue there only a year after the testator’s death, it will be, to a degree, a compliance with the condition. Once more; what is meant by “ continuing” to inhabit ? Only one of the devisees lived in Hurley at the date of the will, or when the testator died. How, then, were they to continue to inhabit a place, when they were not there at the time when the condition began to operate. But if they all lived in Hurley when their father died, of what duration was their residence there to be? Was it to *354 continue during their lives, whether they sold or not — oí would a shorter continuance there answer ? Thus we perceive some difficulty in arriving at the real intention of the testator, and in ascertaining the meaning of the terms he has used, or the extent of the obligation with which he intended to burden his children, and if that be, .in any degree, the case, it is a good reason for rejecting the condition altogether.
But if neither repugnant to the estate devised, nor absurd and unreasonable, nor uncertain, it is absolutely nugatory, and becomes void on account of the persons on whom it was to operate. These are the right heirs of the testator. If they do not comply with this injunction of residence, what is to become of the estate? Why it will still be theirs in virtue of their relation to the devisor ; for neither the law, nor the will, has designated any other person to take it, or to avail himself of the forfeiture, if any accrued. Whether the devisee of the residue -of an estate generally, will, in any case, control a conditional devise of a particular estate before given, or carry the same to the residuary devisee, if the condition be not complied with, is not now worth inquiring into; for the manner in which the residue is devised by this will, precludes the possibility of such a construction, for the premises in question are expressly excepted, and no condition whatever is imposed on his sons Philip and Cornelius. The testator certainly intended, if any thing, that all his children should reside in Hurley, and not any one in particular. If so, it is absurd to suppose he would absolve Philip and Cornelius (and that by mere implication) any more than his other children, from a condition which he had already annexed to a devise, made to them in common with their brothers and sisters. We *are clearly, therefore, of opinion, that there is no devise over by this will of the wood of the patentees, and this, in a case like this, renders it very unimportant to ascertain whether the condition be valid or not, whether it be precedent or subse *355 quent- in its nature, or whether it he a limitation of the estate to the devisees, so long as they resided in the town of Hurley ; for if. there be no devise over, they cam being themselves heirs at law, forfeit nothing by being elsewhere. We desire, therefore, it may be understood, that we leave it optional with the defendants, to regard the words under consideration as a good and valid condition ; as 'precedent or subsequent, or as a limitation, and that in either and every case, the plaintiffs, in our opinion, are entitled to judgment.
It may be subjoined, that there are no words in this will from which we have a right to infer the testator intended, that those of his children who inhabited the town of Hurley should take this property to the exclusion of the others. If such were his desire, he has not indicated it by any proper expressions, and we have no right to imply it.
No notice has been taken of the agreement of 1767. It may furnish a clew to the testator’s intentions, but still, if he has not expressed them by apt words in some part of the will, we cannot regard them. He may have supposed that his children’s residence in Hurley was necessary to give them a right to the use of his own land, in the wood of the patentees, which, by the way, was incorrect, for that was required only for the purpose of entitling them to carry wood, &c., from the separate property of the other proprietors ; or he may have desired to avoid the penalty, which he supposed would attach, if he disposed of his lands to any person not residing in that town. This is probable ; but the same answer occurs. He ought to have taken care so to express himself, that a court of law, without violating its own rules, or disregarding adjudged cases, might have given effect to his intentions. In a case like this, the testator’s meaning must be collected from the will itself, by attending to the several parts of it, and comparing and considering them together. "Without examining whether a testator’s manifest intent may not control the legal operation, of words which he may use, (a question once greatly agitated in Westminister Hall, in the celebrated case of Perrin v. Blake,) it is sufficient to say that such intention, if it existed, does not appear, as it did in that case, by plain expressions, or necessary implication?, from other parts of the *will, and that if we attend to the instrument itself, without any reference to the agreement, there is no evidence whatever of the intention which the defendants wish to establish, or which would justify a construction of this will different from the one which has already been given, or from the legal operation and effect of the various clauses which relate to this subject. Upon the whole, we think the petitioners, Leah Newkerk and Jannetje Roosa, entitled each to one seventh undivided part of the premises in question, and that the plaintiffs must have judgment accordingly.
We have not examined another question, which was agitated, whether the plaintiffs can have judgment in this action, if their title disclosed at the trial shall appear to be different from that set forth in their petition; for it seems to have been conceded and understood, by both parties, from the manner of making the case, that in the event of our thinking the plaintiffs entitled to any estate under the will, whether for life or in fee, they were to have judgment.
Thompson, J.
There can be no doubt, I think, but that all the interest, whatever it might be, which Cornelius Newkerkheld in the premises, must pass under this clause in his will. There is no limitation over of any interest to which the residuary clause can apply. Still, however, I am unfortunate enough to differ from the court. There are no instruments to which the rule of construing them ought to receive a more liberal application than those of wills. When I read the above clause in this will, either separately, or connected with the other parts of the instrument, I can devise no other solution of the testator’s intention, than that a residence in the town of Hurley was a qualifi *356 ¡ration necessary for the devisees to possess, in order for the estate to vest. It, therefore, must be 'considered in the nature of a condition precedent, which it is incumbent on the plaintiffs to show they have complied with before they are entitled, to take under this will. Whatever reason the testator might have had for imposing this condition is immaterial. There is nothing unlawful in it, nor any thing whereby it can be declared void. I therefore think that no estate vests in the plaintiffs, without a previous residence in the town of Hurley, and of course that they have shown no title to the premises.
Judgment for the plaintiffs.