## MONINGER & RINGLAND V. RAMSEY.

1. **Homestead**: ANTECEDENT DEBTS. The homestead descends to the issue of the owner charged with the debts of the latter which, in his life, could have been enforced against it, but free from such debts as could not, in his life-time, have been so enforced.

*Appeal from Boone Circuit Court.*

SATURDAY, APRIL 20.

F. C. WOOD was the owner of a homestead in Boone county, in this State. She died in January, 1872, and by her will devised all her property to her three children. She owed debts contracted in New York before she acquired the homestead. In July, 1872, George Wood, one of the children, and a devisee under the will, made a mortgage upon an undivided one-third of the homestead. Appellants are the owners of said mortgage. Appellee, as administrator of the estate of F. C. Wood, after the execution and recording of said mortgage, petitioned the court to sell the homestead, to pay said New York debts. The devisees under the will, being the children of F. C. Wood, appeared in the proceedings to sell the land, and consented to the sale, and the land was sold. Appellants were not made parties to this proceeding. There is not sufficient of the proceeds of the sale to pay the debts contracted by F. C. Wood before she acquired the homestead, and also pay the mortgage held by appellants. Appellants claim that the mortgage, being less in amount than one-third the proceeds of the sale, should be paid out of said proceeds. The Circuit Court determined otherwise.

Moninger & Ringland appeal.

*John A. Hull,* for appellants.

*Webb & Dyer,* for appellee.

ROTHROCK, CH. J.—Counsel for the parties, by agreement,

submit the question for determination in this court, in the fol-

**1. HOMESTEAD: antecedent debts.** lowing clear and concise form: "Does the homestead descend to the issue of the owner, without regard to the rights of creditors, when claims are older than the homestead acquisition, and who could have subjected it to the payment of their claims if the owner had survived and held it?"

Section 1992 of the Code, so far as applicable to the question, is in these words: "The homestead may be sold on execution for debts contracted prior to the purchase thereof, * * * *."

Section 2008 provides that " * * * * the homestead descends to the issue of either husband or wife, according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents, or their own."

F. C. Wood was a widow, and the devise to her children did not divert the homestead. No other disposition of the property was made by the will than that made by the law of descents.

The question presented must be determined precisely as if no will had been made, and involves the construction of the sections of the Code above quoted.

Construing the two sections together, we are of opinion that the antecedent debts of the parents referred to in section 2008 include only the ordinary, general indebtedness of the estate, and do not embrace debts which were contracted before the homestead was acquired. Any other construction would limit the liability of the homestead for debts, as provided in section 1992, to such as may have been reduced to judgment and are in course of collection by execution levied upon the homestead during the life of the parent.

We do not think this is a fair construction of that section. The homestead is not primarily liable for debts contracted prior to its purchase. It is only liable to be sold for such debts "to supply the deficiency remaining after exhausting

the other property of the debtor liable to execution." The phrase, "the' homestead may be sold on execution for debts contracted prior to the purchase thereof," found in, section 1992, is a form of expression used to declare the homestead liable for such debts, in so far as may be necessary to pay; the same after exhausting the other property. The general provision in section 1988 exempts the homestead from "judicial sale." The exception contained in section 1992 subjects the homestead to judicial sale on execution in the contingency therein named. There is nothing in this section limiting the time of the collection of the debts for which the homestead may be seized. If liable to be seized, it cannot be said, from the language employed, that it must be levied upon prior to the death of the owner.

We are required to construe these sections so both will stand, if that can be done ; and while some of us are not free from doubt, we think that section 2008 must be understood to provide that the heir holds the property free from the debts of the ancestor which, in his life, could not have been enforced against it.

AFFIRMED.