## SUSAN E. MERRITT, APPELLANT, v. MARY M. ABENDROTH, RESPONDENT.

*Devise — what words in, are sufficient to pass a fee in real estate.*

A testator, by a will made and proved in 1823, gave and bequeathed "unto my daughter, Penelope Slater, at the decease of widow Penelope Merritt, all my right and title of the land and buildings thereon now in possession of the said widow Penelope Merritt, it being the equal undivided one-half of said property, together with the appurtenances thereunto belonging."
*Held,* that the devisee took a fee and not simply a life estate in the premises.

APPEAL from a judgment in favor of the defendant, entered upon a nonsuit directed at the Circuit.

The action was one of ejectment.

*Keogh & Boothby,* for the appellant.

*David B. Ogden,* for the respondent.

DYKMAN, J.:

To carry a fee or estate of inheritance in lands at common law, the word heirs was necessary in a grant or donation. The rule

came from feudalism, and like many other relics of that system, the reason for its introduction has long since ceased to exist. That reason was " as the personal abilities of the donee were originally supposed to be the only inducements to the gift, the donee's estate in the land extended only to his own person and subsisted no longer than his life, unless the donor by an express provision in the grant, gave it a longer continuance and extended it also to his heirs." (2 Black. Com., 108.) The rule soon came to be softened by the introduction of exceptions to it, and one of the earliest of these denied its application to devises by last will and testament, and permitted a fee to pass by those instruments where the intention of the testator to give such estate could be clearly ascertained from the language employed in the devise. By this exception to the old rule it became settled that the language of the will must be effectuated, and a fee must pass whenever such intent was plainly manifested, even in the absence of the word heirs. (4 Kent's Com., 7.) Where, however, there were no words of inheritance, it was necessary to have language supplied from which an intent to devise a fee might fairly be inferred.

The plaintiff here brings ejectment on the following facts: The premises were owned in common by Gilbert Merritt, her grandfather, and his sister Sarah Carpenter. Gilbert Merritt died, leaving three children, Delila Merritt, Hannah Merritt, the mother of the plaintiff, and Penelope Slater. He died leaving a last will and testament dated October 24, 1823, and proved and admitted to probate December 1, 1823, containing the following provision: "I give and bequeath unto my daughter Penelope Slater, at the decease of widow Penelope Merritt, all my right and title of the land and buildings thereon, now in possession of the said widow Penelope Merritt, it being the equal one-half of said property, together with the appurtenances thereto belonging." The widow Penelope Merritt died soon after the death of the testator, and Penelope Slater, the devisee named, came into possession of the premises under the will, and the defendant has title from her through mesne conveyances.

The claim of the plaintiff is that only a life estate passed to Penelope Slater under the provision of the will above set out, and that on her death, Hannah Merritt, the mother of the plaintiff, became seized of one-third of the testator's share of these premises by

descent, as one of his heirs-at-law, and that she now takes this estate as the only child and heir-at-law of her mother, who died intestate.

As this will was made and went into effect previous to the Revised Statutes of this State it must be interpreted by the rules of which we have already spoken. The intention of the testator to devise a fee, if discovered in this will, must be found in the words "all my right and title of the lands and buildings." These words comprehended all the testator's interest in the premises, and the intent to pass it to the devisee named is clearly expressed. This language plainly discovers an intent of the testator to devise all the estate he had in the land. He was the owner in fee of the undivided half of the premises, and his language cannot receive the *force* of its significance without admitting his intent to devise all he had. In the case of *Newkerk* v. *Newkerk* (2 Caines, 345) the words of a devise were "all my right in the patentees' woods to my children, in case the same continue to inhabit the town of Hurley, otherwise not," and they were held to pass a fee, if the testator had one. In the opinion in that case, which was previous to the Revised Statutes, it is said : "It can hardly be doubted that a devise of a man's right in lands will pass all his estate and interest therein, and, of course, a fee, if he himself have one. Right is equivalent to all right, and if all his right be devised, what is there left for others?" This case has not been questioned in this State, and the reasoning satisfies the judgment and meets our approbation. We think it an irresistible inference from the language used by the testator in this will, that his intent was to pass all the right and estate he had in the land in question.

The plaintiff cannot, therefore, be permitted to recover, and the judgment must be affirmed, with costs.

GILBERT, J., concurred; BARNARD, P. J., not sitting.

Judgment affirmed, with costs.