REIFENSTAHL v. OSBORNE & Co.

66 567
115 78

1. **Homestead:** CONVEYANCE TO SON RESIDING ELSEWHERE: ABANDON-
MENT: CODE, § 2008. A husband and wife joined in a conveyance
of their homestead, owned by the wife, to their son, subject to the right
of either of the grantors to occupy during life. The conveyance was
without actual consideration, and was designed to take the place of a
will. The wife died, and the husband left the homestead and dwelt
until his death with his son. There were other heirs who would have
inherited an interest in the property, had the conveyance not been made
and the wife not died intestate. *Held* that the son could not hold the
property exempt from liability for his prior debts, under § 2008 of the
Code. *Moninger v. Ramsey,* 48 Iowa, 368, distinguished.

*Appeal from Benton Circuit Court.*

SATURDAY, JUNE 13.

THIS suit involves the right of the plaintiff to a homestead
exemption of a house and town lot. The circuit court held
that the property was not exempt as a homestead, and plaint-
iff appeals. The facts appear in the opinion.

*Traer & Voris,* for appellant.

*Ray Billingsley,* for appellees.

ROTHROCK, J.—It appears from the pleadings and evidence
that the property in controversy was owned by Christina
Reifenstahl, the plaintiff's mother, and that it was the home-
stead of herself and husband. She died on the first day of
January, 1881, leaving her husband and the plaintiff, and two
children of a deceased son, as her heirs. A few days before
her death she and her husband united in a conveyance of the
property to the plaintiff for an expressed consideration of $300.
No consideration was in fact paid, and the conveyance was
made by her during her last sickness, and was intended to take
the place of a will, and as a final disposition of her property.
The conveyance was by deed, with covenants of general war-

ranty, with the reservation of the right to occupy the premises by the grantors during their lives, or the life of either of them. The husband of plaintiff's mother survived her, and after her death he did not occupy the premises, but lived with the plaintiff until his death. Plaintiff has not at any time occupied the premises as his homestead, but lives in a house owned by his wife.

The debt which the defendants claim is a lien upon the property is a judgment against the plaintiff which was rendered before the conveyance of the property to him. The plaintiff claims that the property is exempt under the provisions of section 2008 of the Code, which is as follows: " The setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is contemplated in the preceding section. But the survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but, if there be no such survivor, the homestead descends to the issue of either husband or wife, according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own."

We are cited by plaintiff to the case of *Moninger v. Ramsey*, 48 Iowa, 368. In that case the owner of the homestead made a will, in which she devised the homestead to her three children. These children were her heirs at law, and would have taken the property by descent if there had been no will, and it was said that the homestead rights of the children were to be determined the same as if no will had been made. If we were to regard the conveyance in this case at bar the same as a devise by will, the question would be quite different from that determined in the case cited. If the homestead had not been conveyed by the owner, her surviving husband would have taken one-third in fee, the two children of the deceased son would have taken one-third, and the plaintiff one-third. The conveyance, therefore, materially changed the rights of

the parties from what they would have been if they had taken by descent, as contemplated by the statute. So far as the rights of the plaintiff are concerned, the property lost its homestead character when it was conveyed to him. He did not take it as a homestead, has never occupied or used it as a homestead, but the evidence shows that he resides with his wife and family upon property, the title to which is held by his wife.

We think the circuit court correctly held that the property was not exempt as plaintiff's homestead.

AFFIRMED.