FIRST NATIONAL BANK· OF WHAT CHEER v. GEORGE WILLIE *et al.,* Appellant. J. L. MITCHELL v. GEORGE WILLIE *et al.,* Appellant.

**Wills:** CONSTRUCTION: *Homestead.* Where a testator devised all his property to the use of his widow for her life, and stipulated that after her death whatever remained should be divided among three children, the share received by each child was not one in the homestead, though the estate divided among the children consisted entirely of the proceeds of the same, precluding attachment by his creditors under Code, section 2985 providing that, if there be no surviving husband or wife, of the owner of a homestead, the same shall descend to the issue of either husband or wife, and shall be exempt from all antecedent debts of their parents or themselves.

*Appeal from Keokuk District Court.*—HON. A. R. DEWEY, Judge.

THURSDAY, OCTOBER 24, 1901.

These are actions on promissory notes, in each of which the plaintiff sued out a writ of attachment, and garnished the executor of the estate of defendant's father for the share of the estate to which defendant was entitled by will. The court overruled a motion to discharge the garnishee, based on the ground that the fund in the hands of the executor consisted of the proceeds of the homestead belonging to the father at the time of his death, and that defendant's share thereof was therefore exempt from his debts, and sustained a motion for judgment against the garnishee, from which ruling defendant appeals.—*Affirmed.*

*Bolton, McCoy & Bolton* for appellant.

*C. M. Brown* for appellee.

McClain, J.—Code, section 2985, provides that on the death of the owner of the homestead the surviving husband or wife according to the rules of descent, unless in lieu of a distributive share of the real estate of the deceased; "but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition." Under this section it has been held that, even though the survivor retains the homestead for life, the heirs inherit the remainder free from debts (*Johnson v. Gaylord,* 41 Iowa, 362), and that where, in making distribution of the homestead, sale thereof is necessary, the proceeds pass to the heirs exempt from their debts. *Kite v. Kite,* 79 Iowa, 491. In *Reifenstahl v. Osborne,* 66 Iowa, 567, it was held that a conveyance of the homestead by husband and wife to their son, with reservation to occupy during life, did not entitle him to hold the remainder exempt from his own debts; and while it is said in that case, approving a suggestion in

*Moninger v. Ramsey,* 48 Iowa, 368, that if the property passes by will to the same persons and in the same proportions as if the owner of the homestead died intestate the shares of the devisees will be exempt from their debts, as in case of intestate succession, yet it is held that, even if the conveyance with reservation of life occupancy to the grantors were to be regarded as a devise by will, the remainder to the son would not be exempt from debts, for the conveyance "materially changed the rights of the parties from what they would have been if they had taken by descent as contemplated by the statute." Defendant in this case does not acquire under the will the same share which he would have had by descent, but a greater share, by reason of the fact that by will the estate is given to three of testator's children, excluding entirely the issue of a fourth child. Therefore, while conceding that, if the will makes the same disposition of the homestead which would be made by the rule of descent in the absence of will the devisees are entitled to the same exemption as though no will had been made, we must hold that, where the shares under the will are different from what they would be by descent, the devisees are not entitled to their exemption, for the statute does not so provide. The will in this case, however, does not make any specific provision as to the disposition of the homestead, but directs in general terms that the widow shall have for her use and support during her natural life all testator's estate, real and personal, and that the executor named shall dispose of any and all of the property, and apply the proceeds therefrom to the maintenance of the wife, and then continues: "After the death of my wife it is my wish that whatever of my estate may be left after paying all just claims against the same, let my executor divide the same, share and share alike, equally between the three children named," of which defendant is one. These provisions clearly negative any idea that a share in the homestead, as such, is to pass to defendant. And it is immaterial that in fact the estate in the hands of the exe-

cutor consists entirely of the proceeds of the homestead. The case is plainly not one for the application of the statutory provision exempting the homestead in the hands of the issue from their debts.

A motion is submitted with the case to strike from the record the evidence taken in the lower court on the motion to discharge the garnishee. The ground relied on is that the evidence is preserved only by a skeleton bill of exceptions, making the shorthand notes a part of the record, and that it does not appear that the transcript of the notes from which the record is made has ever been certified by the shorthand reporter. A determination of this motion would probably result in affirmance but as we reach the same result on the merits, we prefer not to rule on the motion.—AFFIRMED.