WILLIAM O. RICE, Appellant, v. J. H. BURKHART, and W. C. YOUEL, Appellee.

Homestead: DEVISE: EXEMPTIONS. Where the devise of a homestead is not in accordance with the law of descent the devisees take by purchase and the same is not exempt from their antecedent debts.

*Appeal from Benton District Court.*— HON. OBED CASWELL, Judge.

THURSDAY, MAY 10, 1906.

JAMES RICE died testate in December, 1904, seised of forty acres of land which he had occupied as a homestead. With him, had resided his son, William O. Rice, and family for many years and they continued to occupy the premises after his death. His last will and testament, which was admitted to probate, devised the homestead to this son alone though he left four other sons surviving him. The defendant Burkhart had obtained judgment against William for forty-three dollars and two cents, and, upon the proof of the will, caused execution to be issued and levied on the land and the sheriff was about to advertise and sell the same. To the petition stating these facts and praying that the sale be enjoined, the defendants interposed a general demurrer, which was sustained. As plaintiff declined to plead over, the petition was dismissed. Plaintiff appeals.— *Affirmed.*

*M. J. Tobin,* for appellant.

*Kirkland & White,* for appellees.

LADD, J.— The plaintiff took the homestead of his deceased father under the will, though no provision was made for the four other sons, and the sole question to be determined is whether the property is exempt from the payment of his antecedent debts.    The statute declares the homestead of the family exempt whether owned by husband or wife (section 2972, Code), and, following sections indicating its extent and providing for platting and changes.    Section 2985 of the Code provides that:    " Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the homestead as is herein contemplated.    The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no survivor, the homestead descends to the issue of either husband or wife according to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition."

The exemption to the issue is not because of any homestead right they may have in the premises, but owing to the homestead right of the ancestor.    *Kite v. Kite,* 79 Iowa, 491.    Occupancy by the heirs is unnecessary.    *Johnson v. Gaylord,* 41 Iowa, 362.    Even a nonresident adult upon whom the descent is cast, takes his interest freed from any prior indebtedness.    *Maguire v. Kennedy,* 91 Iowa, 272. Had the testator devised the property to all his sons so that each would have taken precisely as though no will had been executed it would have been exempt from the prior indebt-

edness of each. *Moninger v. Ramsey,* 48 Iowa, 368. But
not necessarily because of the. insertion of the clause " un-
less othewise directed by will " for without that the rule
prevails that when property is left to the testator's heirs in
the same. manner and proportion in which they would have
taken were there no will, they take as heirs, and not as
devisees; the. former being deemed the worthier title. *Gil-
pin v. Hollingsworth,* 3 Md. 190 (56 Am. Dec. 737); *Post
v. Jackson,* 70 Conn. 283 (39 Atl. 151); *Davidson v. Koeh-
ler,* 76 Ind. 398; 14 Cyc. 55.

In such a case the property descends according to the
rules of descent the same as though no will had been exe-
cuted and the clause would have no effect. But suppose the
will directs otherwise, as in this case, does this clause merely
have reference to the rules of descent? In other words, is
the property to descend to the issue according to these rules
unless modified by will, and, if so modified, then to such
issue as the will indicates, and in either event exempt from
the prior indebtedness of the takers? The appellant so con-
tends. Or should the clause " unless otherwise directed by
will " be treated as an exception, and the statute be con-
strued as providing an exemption only when the homestead
descends to issue, and not when they take as purchasers un-
der a will? We are inclined to construe the clause as in
the nature of an exception. In construing statutes the word
" issue " as applied to descent of estates, includes all law-
ful lineal descendants (section 48, par. 7, Code), and to
these the homestead descends, save when otherwise directed
by will. Those taking under a will do so by purchase,
and not by descent. *Bennett v. Hibbert,* 88 Iowa, 154.
The acquirement of property by descent is by mere opera-
tion of law while those to whom it is devised are held to have
obtained by purchase. If, then, the homestead is disposed
of by will, it does not descend to those taking the property
thereunder, but passes by purchase. Keeping this distinc-
tion in mind, it is plain that the purpose of the lawmakers,

in inserting " unless otherwise directed by will " was to indicate that it was not the intention to cast the homestead in the line of descent regardless of any devise the owner might make, but that, in the absence of a will directing differently, the property should pass to the owner's issue according to the rules of descent, and be held by such issue exempt from prior debts.   If otherwise directed by will, the property is not transmitted by descent, but by purchase, and the statute is not applicable.   See *Reifenstahl v. Osborne,* 66 Iowa, 567; *First Nat'l. Bank v. Willie,* 115 Iowa, 77.   As the plaintiff took by will, the property was not exempt, and the court rightly sustained the demurrer to the petition.— *Affirmed.*