Not only the complaint, but the opening of plaintiff's counsel as well, indicates that a recovery was sought on the ground that the injuries were caused solely by defendant's negligence. It is true, after the complaint had been dismissed and an exception taken to the ruling, plaintiff's counsel asked to go to the jury on the ground that the allegations of the complaint were sufficient to charge the board of education with maintaining a nuisance; but this request did not change the allegations of the complaint, or what counsel stated in the opening would be proved. Where a complaint is dismissed upon the opening of plaintiff's counsel, not only the complaint, but also the opening, must receive a liberal interpretation. McCarton v. City of New York, 149 App. Div. 516, 133 N. Y. Supp. 939.

After the court had dismissed the complaint, counsel for plaintiff was not required to ask leave to go to the jury, because the rights of his client were fully preserved by resting on the exception to the ruling. The only importance to be attached to the request is that in the opinion of counsel, if the complaint did not state a cause of action for negligence, then it might be considered as stating one for a nuisance; in other words, the client having failed upon one theory, it was sought to preserve his rights by trying to adopt another one.

The judgment appealed from, therefore, is reversed, and a new trial ordered, with costs to appellant to abide event. All concur.

---

(162 App. Div. 173)

### In re HAWES' ESTATE. (No. 5624.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. TAXATION (§ 879*)—WILLS (§ 713*)—TRANSFER TAX—TRANSFERS TAXABLE.
    Land was conveyed in trust, to pay over the income to grantor and so much of the principal as should be necessary for the comfortable support of grantor and his family, and upon grantor's death to distribute the property to such persons as he might direct by will, and in default of a will according to the statute. *Held* that, at most, the trust deed designated as the persons to receive the property the same persons who would take under the statute, if no designation had been made and decedent had died intestate, so that the next of kin would take in such case under the statute, and not under the trust deed, so that the property passed to them subject to a transfer tax.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879;* Wills, Cent. Dig. §§ 1695–1697; Dec. Dig. § 713.*]

2. TAXATION (§ 879*)—TRANSFER TAX.
    If title to property was derived by descent and distribution, its transfer was taxable whether it was actually delivered to the taker by trustees, who were to pay it over to the taker, or through an administrator.
    [Ed. Note.—For other cases, see Taxation, Cent. Dig. § 1702; Dec. Dig. § 879.*]

    Ingraham, P. J., and McLaughlin, J., dissenting.

Appeal from Special Term, New York County.

In the matter of the transfer tax upon the estate of Joseph Hawes, deceased. From an order adjudging the property exempt from the

tax, the State Comptroller appeals. Reversed, and matter remitted for further proceedings.

Argued before INGRAHAM, P. J., and McLAUGHLIN, LAUGHLIN, CLARKE, and SCOTT, JJ.

George Thoms, of New York City, for appellant.
Thomas B. Casey, of New York City, for respondent.

SCOTT, J. The decedent, a resident of Massachusetts, on the 27th day of April, 1864, executed a deed of trust, duly recorded, by which he transferred certain property, real and personal, therein mentioned, to trustees, upon trust to manage and invest the same, and pay over to said decedent, from time to time, such sums of principal or interest as might be necessary for his support, and at his decease to convey what might then remain of said trust property in such manner and to such persons as might be directed by his will, and "in default of any such will to pay, distribute, and convey the same according to the statute regulating the descent and distribution of intestate estates." When the deed of trust was executed, all the property constituting the corpus of the trust fund was in the state of Massachusetts, and none of it was actually or constructively in the state of New York. Subsequent to the execution of the deed, but before the death of the decedent, the trustee sold a part of the property mentioned in the deed of trust, and with the proceeds purchased the shares of stock mentioned in the appraiser's report, namely, 100 shares of American Telephone & Telegraph Company and 24 shares of the Home Insurance Company. These shares of stock were held by the trustee at the date of decedent's death, constituting part of the corpus of the trust fund.

The decedent died intestate on the 4th day of July, 1911, a resident of Massachusetts, and his sole heir at law and next of kin is Elizabeth H. Vose, a niece. The appraiser to whom the matter was referred reported that no tax was payable, because "the right of the beneficiary herein became vested and effective on the execution and delivery of the said deed of trust on the said 7th day of April, 1864, prior to the existence of any transfer tax law in the state of New York." His report was confirmed by the surrogate, and the state comptroller appeals. The question is whether the decedent's niece and sole next of kin, who would have taken his whole estate, if he had not executed the trust deed and had died intestate, as he did, takes the estate under the trust deed or under the laws relating to the distribution of intestate estates.

[1] The trust deed itself is peculiar. By it the decedent put his property out of his own hands, but not out of his own control, for the trustees were to pay over to him, not only the income, but so much of the principal as should from time to time be necessary for his comfortable support and the comfortable support of his wife and family, if he should become a married man and have a family. Upon his death the trustees were to pay over and distribute the property, but to whom it was to be paid over was not then decided, but was left for future decision—by himself, if he should leave a will; by the

statute regulating the descent and distribution of intestate estates, if he should leave no will. The deed of trust did not direct the trustees to pay over the estate, upon decedent's death, to any person or class of persons designated in the deed itself, and in this regard is to be differentiated from the cases cited and relied upon by the surrogate. Matter of Smith's Estate, 150 App. Div. 805, 135 N. Y. Supp. 240; Matter of Dwight, Surr. Dec. 1911, p. 737, affirmed 149 App. Div. 912, 133 N. Y. Supp. 1119. The very most that can be claimed for the deed of trust is that it designated by description, as the person to whom the property was to be paid over, the same person who would have taken it under the statute of distribution if no designation had been made in the deed of trust and the decedent had died intestate. In such case the next of kin must be held to take under the statute of distribution, and not under the deed of trust or the apportionment contained therein. This is the well-established rule respecting the devolution of the title to real estate. As is said in Reeves on Real Property (volume 2, p. 1321):

"It is to be reiterated, in closing this chapter, that the law, unaffected by statute, prefers its own method of passing property from a deceased owner; and, while it does not prevent him from devising it away, yet, if his will assume to pass it to the same persons and in the same manner in which it would go by descent, they take by inheritance, and not under the will. Therefore, in this country generally, if a testator wishes his heirs to acquire property by devise, he must give it to them in some respect different from that in which the law would confer it upon them."

An enunciation of the same rule is found in Fowler's Decedent's Estate Law, page 345, where it is said that:

"Where the heirs of testator are given by will the same estate or interest they would take by descent, their title is by descent, and not by devise."

In the case of Thompson v. Thornton, 197 Mass. 273, 83 N. E. 880, it was held that:

"Where an heir at law under a will takes the same estate in nature and quality as he would inherit in case of intestacy, he takes the estate by descent and not by devise."

In Rice v. Burkhart, 130 Iowa, 520, at page 522, 107 N. W. 308, the court said:

"When property is left to the testator's heirs in the same manner and proportion in which they would have taken were there no will, they take as heirs, and not as devisees; the former being deemed the worthier title [citing cases]."

In such a case the property descends according to the rules of descent, the same as though no will had been executed, and the clause (in the will devising the property) would have no effect. To the same effect are Ellis v. Page, 7 Cush. (Mass.) 161; Sears v. Russell, 8 Gray (Mass.) 86; Newkerk v. Newkerk, 2 Caines, 345, 352; Buckley v. Buckley, 11 Barb. 43, 76; Williams v. Conrad, 30 Barb. 524; Gill v. Roberts, 33 N. J., Eq. 474; First Nat. Bank v. Willie, 115 Iowa, 77, 87 N. W. 734.

These rules of law apply with equal force to bequests of personalty. Parsons v. Winslow, 6 Mass. 169, 4 Am. Dec. 107; Robertson

v. Robertson, 120 Ind. 333, 22 N. E. 310. The rule enunciated in the case of Parsons v. Winslow, supra, is the law of Massachusetts. In that case a bequest of personalty was involved. The court there said (6 Mass. 178, 4 Am. Dec. 107):

"It is a rule of law that to give a thing to the person to whom the law gives it, and in the same manner, is as if it had not been given; so that a devise or bequest to a person, to whom the law would give the same thing in the same manner, is utterly void."

In Robertson v. Robertson, supra, also, personalty was involved; and there the court said:

"The children of the testator took by inheritance or descent from their father, because by the terms of the will they were given precisely the same interest and estate in his real and personal property as they would have taken if the particular devise or bequest to them had been entirely omitted from the will. The rule is that if, without the devise or bequest, the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase or under the will."

[2] It is of no significance that no administrator of the decedent's estate was appointed in Massachusetts. The appointment or nonappointment of an administrator cannot change the laws determining how the property comes to the next of kin. If the property came to her by virtue of the statute, its transfer is taxable, whether it was actually delivered to her by the trustees directly or through the medium of an administrator.

The order appealed from must be reversed, with $10 costs and disbursements to the appellant, and the matter remitted to the Surrogate's Court, to be proceeded with according to law.

LAUGHLIN and CLARKE, JJ., concur.

McLAUGHLIN, J. (dissenting). I do not disagree with my Brother SCOTT that, where the heirs at law or next of kin of a testator are given by will the same estate or interest they would take by descent, their title is by descent and not by devise; but this rule, in my opinion, has no application to the present case. The title to the property here involved does not come through the decedent. He parted with it in 1864, when he executed the deed of trust, and the respondent's title comes through the trustees therein named. The provision in the deed of trust to the effect that, in the event of the grantor dying without a will, whatever remained of the trust fund should be conveyed and transferred by the trustees to the person or persons who would be entitled to take the property under the intestate laws of Massachusetts, merely provided a means for ascertaining, in that contingency, the individuals who would take and the amount they should receive. The title to the property at the time of the death of the decedent was in the trustees, and, had they refused to transfer it to the respondent, they could have been compelled to do so. Had an administrator of Hawes been appointed, he would not have taken the property in question, since the trustees were obligated to transfer it according to the terms and conditions of the trust deed.

But, even if it be assumed, which I do not think it can be, that the administrator of Hawes would have taken the property, then, before any tax can be imposed on the transfer, the debts of the decedent would have to be ascertained and paid. No administrator, however, has been appointed, and whether the decedent left debts does not appear.

On both grounds, therefore, I think the order appealed from is right, and should be affirmed, with $10 costs and disbursements.

INGRAHAM, P. J., concurs.

---

(162 App. Div. 398)

### In re TIBBETT AVE. IN CITY OF NEW YORK. (No. 5,710.)

(Supreme Court, Appellate Division, First Department. May 1, 1914.)

1. CONSTITUTIONAL LAW (§ 45*)—STATUTES—VALIDITY—RIGHT TO QUESTION.

[Ed. Note.—For other cases, see Constitutional Law, Cent. Dig. § 42; Dec. Dig. § 45.*]

2. EMINENT DOMAIN (§ 231*)—OPENING STREETS—ACQUISITION OF LAND—ASSESSMENTS—RESOLUTIONS OF BOARD OF ASSESSMENT AND APPORTIONMENT.

[Ed. Note.—For other cases, see Eminent Domain, Cent. Dig. §§ 585–589; Dec. Dig. § 231.*]

3. MUNICIPAL CORPORATIONS (§ 511*)—LAYING OUT STREETS—ASSESSMENTS—VALIDITY.

[Ed. Note.—For other cases, see Municipal Corporations, Cent. Dig. §§ 1183, 1184; Dec. Dig. § 511.*]

4. MUNICIPAL CORPORATIONS (§ 442*)—OPENING STREETS—AWARD OF DAMAGES TO BUILDINGS NOT TAKEN—ASSESSMENTS.

