In the Matter of the Transfer Tax upon the Estate of JOSEPH HAWES, Deceased.

WILLIAM SOHMER, as Comptroller of the State of New York, Appellant; WILLIAM E. STONE, as Sole Surviving Trustee, etc., Respondent.

First Department, May 1, 1914.

Decedent's estate — when property passes by descent and not by devise — tax — transfer tax — when next of kin take under the Statute of Distribution instead of under trust deed — failure to appoint administrator immaterial.

Where a will leaves property to the same persons who would take under the Statutes of Descent and Distribution, they take under the statutes, not under the will.

Hence, where a resident of Massachusetts executed a deed of trust, transferring certain real and personal property situated in said State to trustees to manage and invest the same and pay over to him such sums of property or interest as might be necessary for his support, and at his death to convey the remainder in such manner and to such persons as he might direct by will, or "in default of any such will, to pay, distribute & convey the same according to the statute regulating the descent and distribution of intestate estates," but the deed of trust did not direct the trustees to pay over the estate upon decedent's death to any designated persons, and the creator of the trust died intestate, and his sole heir at law and next of kin who would have taken his whole estate if he had not executed the deed of trust and had died intestate takes the estate under the Statute of Distribution, not under the deed of trust. Hence, the property is subject to a transfer tax.

The fact that no administrator of the decedent's estate was appointed in Massachusetts is immaterial, because if the property came to the next of kin by virtue of the Statute of Distribution, its transfer is taxable whether it was actually delivered by the trustees directly, or through the medium of an administrator.

McLAUGHLIN, J., and INGRAHAM, P. J., dissented, with opinion.

APPEAL by William Sohmer, as Comptroller of the State New York, from an order of the Surrogate's Court of the county of New York, entered in the office of said surrogate on the 15th day of April, 1913, affirming a prior order entered on the 6th day of November, 1912, fixing the transfer tax herein.

*George Thoms* [*Theodore Du Moulin* with him on the brief], for the appellant.

*Thomas B. Casey*, for the respondent.

SCOTT, J.:

The decedent, a resident of Massachusetts, on the 27th day of April, 1864, executed a deed of trust duly recorded by which he transferred certain property, real and personal, therein mentioned, to trustees .upon trust to manage and invest the same and pay over to said decedent, from time to time, such sums of principal or interest as might be necessary for his support, and at his decease to convey what might then remain of said trust property in such manner and to such persons as might be directed by his will; "in default of any such will, to pay, distribute & convey the same according to the statute regulating the descent and distribution of intestate estates." When the deed of trust was executed all the property constituting the corpus of the trust fund was in the State of Massachusetts, and ·none of it was actually or constructively in the State of New York. Subsequent to the execution of the deed, but before the death of the decedent, the trustee sold a part of the property mentioned in the deed of trust, and with the proceeds purchased the shares of stock mentioned in the appraiser's report, namely, 100 shares of American Telephone and Telegraph Company, and 24 shares of the Home Insurance Company. These shares of stock were held by the trustee at the date of decedent's death, constituting part of the corpus of the trust fund.

The decedent died intestate on the 4th day of July, 1911, a resident of Massachusetts, and his sole heir at law and next of kin is Elizabeth H. Vose, a niece.

The appraiser to whom the matter was referred reported that no tax was payable because "the right of the beneficiary herein became vested and effective on the execution and delivery of the said deed of trust on the said 7th day of April, 1864, prior to the existence of any transfer tax law in the State of New York." His report was confirmed by the surrogate and the State Comptroller appeals. The question is whether the decedent's niece and sole next of kin, who would have taken his whole estate if he had not executed the trust deed, and had

died intestate, as he did, takes the estate under the trust deed or under the laws relating to the distribution of intestate estates.

The trust deed itself is peculiar. By it the decedent put his property out of his own hands, but not out of his own control, for the trustees were to pay over to him not only the income, but so much of the principal as should from time to time be necessary for his comfortable support and the comfortable support of his wife and family if he should become a married man and have a family. Upon his death the trustees were to pay over and distribute the property, but to whom it was to be paid over was not then decided but was left for future decision, by himself if he should leave a will; by the statute regulating the descent and distribution of intestate estates if he should leave no will. The deed of trust did not direct the trustees to pay over the estate upon decedent's death to any person or class of persons designated in the deed itself, and in this regard is to be differentiated from the cases cited and relied upon by the surrogate. (*Matter of Smith*, 150 App. Div. 805; *Matter of Dwight*, N. Y. L. J., Oct. 18, 1911; affd., 149 App. Div. 912.) The very most that can be claimed for the deed of trust is that it designated by description, as the person to whom the property was to be paid over, the same person who would have taken it under the Statute of Distribution if no designation had been made in the deed of trust and the decedent had died intestate. In such case the next of kin must be held to take under the Statute of Distribution, and not under the deed of trust or the apportionment contained therein. This is the well-established rule respecting the devolution of the title to real estate. As is said in Reeves on Real Property (Vol. 2, p. 1321): "It is to be reiterated, in closing this chapter that the law, unaffected by statute, prefers its own method of passing property, from a deceased owner; and, while it does not prevent him from devising it away, yet, if his will assume to pass it to the same persons and in the same manner in which it would go by descent, they take by inheritance and not under the will. Therefore, in this country generally, if a testator wishes his heirs to acquire property by devise, he must give it to them in some respect different from that in which the law would confer it upon them."

An enunciation of the same rule is found in Fowler's Decedent's Estate Law (p. 345) where it is said that "Where the heirs of testator are given by will the same estate or interest they would take by descent, their title is by descent, and not by devise."

In the case of *Thompson* v. *Thornton* (197 Mass. 273) it was held that "Where * * * an heir at law under a will takes the same estate in nature and quality as he would inherit in case of intestacy, he takes the estate by descent and not by devise."

In *Rice* v. *Burkhart* (130 Iowa, 520, 522) the court said: "When property is left to the testator's heirs in the same manner and proportion in which they would have taken were there no will, they take as heirs, and not as devisees; the former being deemed the worthier title [citing cases]. In such a case the property descends according to the rule of descent the same as though no will had been executed and the clause [in the will devising the property] would have no effect." To the same effect are *Ellis* v. *Page* (61 Mass. 161); *Sears* v. *Russell* (74 id. 86); *Newkerk* v. *Newkerk* (2 Caines, 345, 352); *Buckley* v. *Buckley* (11 Barb. 43, 76); *Williams* v. *Conrad* (30 id. 524); *Gill* v. *Roberts* (33 N. J. Eq. 474); *First Nat. Bank* v. *Willie* (115 Iowa, 77).

These rules of law apply with equal force to bequests of personalty. (*Parsons* v. *Winslow*, 6 Mass. 168; *Robertson* v. *Robertson*, 120 Ind. 333.) The rule enunciated in the case of *Parsons* v. *Winslow* (*supra*) is the law of Massachusetts. In that case a *bequest of personalty* was involved. The court there said (p. 178): "It is a rule of law, that to give a thing to the person to whom the law gives it, and in the same manner, is as if it had not been given; so that a devise or *bequest* to a person to whom the law would give the same thing in the same manner, is utterly void."

In *Robertson* v. *Robertson* (*supra*) also personalty was involved; and there the court said: "The children of the testator took by inheritance or descent from their father, because by the terms of the will they were given precisely the same interest and estate in his real and *personal* property as they would have taken if the particular devise or *bequest* to them

had been entirely omitted from the will. The rule is that if without the devise or *bequest*, the heir would take exactly the same estate or interest which the will purports to give him, he is to be considered as having taken by descent, and not by purchase or under the will."

It is of no significance that no administrator of the decedent's estate was appointed in Massachusetts. The appointment or non-appointment of an administrator cannot change the laws determining how the property comes to the next of kin. If the property came to her by virtue of the statute its transfer is taxable whether it was actually delivered to her by the trustees directly or through the medium of an administrator.

The order appealed from must be reversed, with ten dollars costs and disbursements to the appellant, and the matter remitted to the Surrogate's Court to be proceeded with according to law.

CLARKE and LAUGHLIN, JJ., concurred; INGRAHAM, P. J., and McLAUGHLIN, J., dissented.

McLAUGHLIN, J. (dissenting):

I do not disagree with my brother SCOTT that where the heirs at law or next of kin of a testator are given by will the same estate or interest they would take by descent their title is by descent and not by devise; but this rule, in my opinion, has no application to the present case. The title to the property here involved does not come through the decedent. He parted with it in 1864, when he executed the deed of trust, and the respondent's title comes through the trustees therein named. The provision in the deed of trust to the effect that, in the event that the grantor dying without a will, whatever remained of the trust fund should be conveyed and transferred by the trustees to the person or persons who would be entitled to take the property under the intestate laws of Massachusetts, merely provided a means for ascertaining, in that contingency, the individuals who would take and the amount they should receive. The title to the property at the time of the death of the decedent was in the trustees and had they refused to transfer it to the respondent, they could have been compelled to do

First Department, May, 1914.                    [Vol. 162.

so.   Had an administrator of Hawes been appointed he would not have taken the property in question since the trustees were obligated to transfer it according to the terms and conditions of the trust deed.

But even if it be assumed, which I do not think it can be, that the administrator of Hawes would have taken the property, then before any tax can be imposed on the transfer, the debts of the decedent would have to be ascertained and paid.   No administrator, however, has been appointed.

On both grounds, therefore, I think the order appealed from is right and should be affirmed, with ten dollars costs and disbursements.

INGRAHAM, P. J., concurred.

Order reversed, with ten dollars costs and disbursements, and matter remitted to surrogate as stated in opinion.   Order to be settled on notice.