E. A. RINGLAND, Appellant, v. JOHNSON, Appellee (three cases).

P. M. REILLY, Appellant, v. CHARLES F. JOHNSON et al., Appellees.

**HOMESTEAD:** Descent of Homestead—Exemptions—Prior Debts of Heirs. The issue of the owner of a homestead takes the homestead exempt from *any and all* antecedent debts of such issue. (Sections 2976, 2985, Code, 1897.)

*Appeal from Boone District Court.*—E. M. McCALL, Judge.

THURSDAY, JUNE 29, 1916.

CHARLES A. JOHNSON died intestate, December 3, 1914, leaving him surviving seven children. His wife had previously departed this life. He had acquired Lot 4 in Block 13 in Hornstein's First Addition to the city of Boone, July 2, 1901, and occupied it as a homestead from that time until his death. Prior to the time he acquired said homestead, his son, William Johnson, became indebted to the plaintiff, as did also his sons, J. A. Johnson and Charles F. Johnson. William and Charles F. Johnson also became indebted to P. M. Reilly. The plaintiff, in each instance, instituted a suit against the defendant owing him, and caused a writ of attachment to be issued and levied on the said Lot 4 and prayed judgments on the respective debts. The defendants were all nonresidents, and, at the proper time, moved that the said lot be released from the levies of the writs of attachment. These motions were sustained, and from this ruling, in each case, the plaintiff therein appeals.—*Affirmed.*

*Goodykoontz & Mahoney,* for appellants.

*Whitaker & Snell,* for appellees.

LADD, J.—Charles A. Johnson acquired Lot 4 in Block 13 in Hornstein's First Addition to the city of Boone, July 2, 1901, and immediately went into occupancy thereof as his homestead, and so continued until he died, intestate, December 3, 1914. His wife had previously departed this life, and seven chil-. dren survived him, among them the defend-ants in these cases. The indebtedness of defendants to plain-tiff in each case accrued prior to the time decedent acquired the homestead. After decedent's death, the plaintiffs caused writs of attachment to be levied on the lot, but the court, on motion of defendants, ordered the property released from said levies. The correctness of this ruling is challenged, and depends on the construction to be given the last clause of Section 2985 of the Code of 1897:

HOMESTEAD: descent of homestead: exemptions: prior debts of heirs.

"Upon the death of either husband or wife, the survivor may continue to possess and occupy the whole homestead until it is otherwise disposed of according to law, but the setting off of the distributive share of the husband or wife in the real estate of the deceased shall be such a disposal of the home-stead as is herein contemplated. The survivor may elect to retain the homestead for life in lieu of such share in the real estate of the deceased; but if there be no survivor, the home-stead descends to the issue of either husband or wife accord-ing to the rules of descent, unless otherwise directed by will, and is to be held by such issue exempt from any antecedent debts of their parents or their own, except those of the owner thereof contracted prior to its acquisition."

The words, "except those of the owner thereof contracted prior to its acquisition," were added to the section as it pre-viously stood, the Code Commission saying in its report: "The exception at the end of the section carries out the general pur-pose of the chapter." In the same chapter, Code Section 2972 declares:

"The homestead of every family, whether owned by the

husband or wife, is exempt from judicial sale, where there is no special declaration of statute to the contrary.''

Code Section 2974 prohibits the conveyance or incumbrance of the homestead unless both husband and wife join therein, and Code Section 2976 provides that ''the homestead may be sold on execution for debts contracted prior to its acquisition,'' and also for debts which the husband and wife have, by written contract, stipulated shall be paid therefrom. Without this exception incorporated therein, Code Section 2985 would appear to be inconsistent with Section 2976 of the Code, and manifestly this exception was inserted for the purpose of avoiding an apparent conflict. True, the statute as it had previously stood had been construed so as to avoid such conflict, in *Moninger v. Ramsey*, 48 Iowa 368, holding that the homestead descended, under Section 2008 of the Code of 1873, subject to the payment of the debts of the deceased owner thereof, as provided in Section 1992 of the Code of 1873; and in *Baker v. Jamison*, 73 Iowa 698, and *Kite v. Kite*, 79 Iowa 491, it was adjudged that the heir takes the homestead of his ancestor exempt from his own antecedent debts, regardless of whether he ever occupied the same. The exception is not necessarily inconsistent with the law as it previously stood, but, added, it makes the language of the two sections harmonious, without resorting to construction by this court in *Moninger v. Ramsey*, supra. The mission of the Code Commission was to codify and improve the statement of the law, but not to change its meaning; and for this reason, we have uniformly construed, wherever permissible, changes recommended by that body as not designed to alter the meaning of existing statutes, previously construed. Indeed, in its report, the commission said that:

''It must be distinctly understood that a change of language does not necessarily indicate an intention to change the meaning of the law.''

The design in adding the exception may well have been

to harmonize the language of Section 2985 of the Code with that of Section 2976 thereof. Such is, as we think, the fair import of the language employed. A creditor might well extend credit in reliance upon the property which a debtor owns at the time, and which could be subjected to its payment, and a subsequently acquired homestead ought not to be exempt from such payment; but if the credit is extended with full knowledge of the existence of the homestead and its exemption from the payment of debts created subsequent to its acquirement, the creditor would not be in a situation to complain if it might not be subjected to the satisfaction of such an indebtedness. For this reason, the statute exempts the homestead from the payment of all debts contracted after its acquisition, and subjects it to the payment of debts contracted prior thereto. But credit is seldom, if ever, extended to the heirs of the owner of the homestead in reliance upon its descending to them at some future time. It may be disposed of by the owner through sale or will, or set apart as a portion of the distributive share. At the most, the heir's interest is a contingent one in expectancy, and his creditor is without any claim of right that it be subjected to the satisfaction of any antecedent debt, and we are of the opinion that the legislature did not so intend. The language of the several statutes now harmonizes, and the homestead, on the death of its owner, may be occupied by the surviving spouse for life, and, if there be none, descends to the issue of the owner. How exempt from antecedent debts of parents or "their own," "except those of the owner thereof contracted prior to its acquisition?" What owner is referred to? Evidently the owner of the homestead from whom it descended, and who originally acquired it. This is a reasonable interpretation of what was meant, and we entertain no doubt that the last clause was designed to render the homestead liable only for the debts of the ancestor contracted prior to the acquisition of the homestead by him. The court rightly

ordered the release of the premises from the several levies. —*Affirmed.*

EVANS, C. J., GAYNOR and SALINGER, JJ., concur.